(24 Misc. Rep. 361.)

PEOPLE v. WINANT et al.

(Supreme Court, Special Term, Kings County. July, 1898.)

1. INDICTMENT—MOTION TO DISMISS—WHEN LIES.

A motion will lie to dismiss an indictment only when some constitutional right is invaded, or on a ground set forth in Code Cr. Proc. § 313, as amended by Laws 1897, c. 427, providing that the motion will lie in certain cases, enumerating them, "but in no other."

**2. SAME.**
This is true, although Code Cr. Proc. § 671, provides that the court may, either of its own motion or on application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed.

**3. SAME—ILLEGAL EVIDENCE.**
Under Code Cr. Proc. § 256, providing that "the grand jury can receive none but legal evidence," as modified by section 258, authorizing them to indict "when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction," the introduction of illegal evidence does not justify a dismissal of the indictment, where there was legal evidence introduced, which, if unexplained, would warrant a conviction.

**4. CRIMINAL LAW—ACCOMPLICE—BRIBERY.**
Notwithstanding that Pen. Code, § 71, makes bribery of a juror, or offer to bribe a juror, a crime, and section 72 makes the acceptance of the bribe a separate offense, the bribe taker is an accomplice, whose testimony must be corroborated. Code Cr. Proc. § 399.

**5. SAME—PRINCIPALS—ACTUAL PRESENCE.**
Under Pen. Code, § 29, providing that a person concerned in the commission of a crime, whether he directly commits the act or aids and abets in it, and whether present or absent, and a person who directly or indirectly counsels or procures another to commit a crime, is a principal, actual presence at the commission of a crime is not necessary to constitute one a principal.

Charles M. Winant and William Hepburn were indicted for an alleged attempt to bribe a grand juror, and before trial they moved to dismiss the indictment. Denied.

Josiah T. Marean, Dist. Atty., for the People.
David Welch and Charles F. Brown, for defendants.

DICKEY, J. This is a motion made by defendants before trial to dismiss an indictment. How far-reaching or how far-limited is a motion of this kind seems to be a mooted question. The same question was before Justice Van Wyck recently in People v. Phillips, 23 Misc. Rep. 568, 52 N. Y. Supp. 808, and he ably reasoned it out that such motions made by defendants, except where constitutional rights of the defendants were affected, were limited to the two grounds specified in section 313 of the Code of Criminal Procedure; giving force to the words "but in no other," in the language of the amendment to that section by the Laws of 1897. I fully concur with Judge Van Wyck, for the reasons so well stated by him. The grounds stated in section 313 are: First, when indictment is not found indorsed and presented as prescribed by sections 268 and 272; second, when a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration. Neither of these grounds is urged here as a reason for setting aside this indictment, but the claim is made that under the powers given to the court under section 671 of the Code the court may, in furtherance of justice, of its own motion, and should, set aside the indictment. The proceeding taken by defendants is not such a proceeding as is contemplated by section 671. It was entirely in the power of the legislature to regulate the form of criminal proceedings, and the plain intention of the lawmakers was to limit, instead of to encourage, motions of this character by defendants in advance of

the trial of indictments, leaving nearly all questions to be passed upon by the trial court, instead of anticipating them by motion, and thus disposing of them. This is no time for the court to act of its own motion. But I will consider some of the objections urged by defendants.

That there was some illegal evidence introduced by the district attorney before the grand jury cannot be seriously questioned. I suppose there never was a case heard by any grand jury where this was not the case; and, while the Code provides that grand jurors are to receive none but legal evidence, I would not feel justified in dismissing an indictment because of some illegal evidence, if there was sufficient legal evidence given which, if unexplained, would warrant a conviction. In my opinion, such legal evidence was given in this case. If the admission of illegal evidence would destroy the indictment, it would not be necessary for a guilty man to bribe jurors to vote against an indictment; it would only be necessary to have some one juror ask an improper question, or get an improper answer to a question from any one witness, or to get a friendly witness to volunteer improper testimony to be spread upon the record. Section 258 of the Code° provides that the grand jury ought to find an indictment when all the evidence before them, taken together, is such as, in their judgment, would, if unexplained or uncontradicted, warrant a conviction by the trial jury. The legal evidence before the grand jury, taken together, making, as it does, a prima facie case of guilt to be submitted to a petit jury, disposes of this objection.

The next claim made by defendants is that the indictment must be dismissed because Isles, the bribe taker, is an accomplice of defendants, and his testimony is required by the law to be corroborated, and is not. Bribery of a juror, or offer to bribe a juror, is a crime by itself, under section 71 of the Penal Code. The acceptance of a bribe by a juror is a separate offense, made so by section 72 of the same Code. Section 399 says that conviction cannot be had on the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the crime. It is now conceded to be the general rule that testimony in corroboration should tend to show the material facts necessary to establish the conviction of a crime, and the identity of the person committing it. People v. Plath, 100 N. Y. 592, 3 N. E. 790. An accomplice is an associate in crime; a partner or partaker of the guilt; any participator in an offense; "one involved directly or indirectly in the commission of the crime." Notwithstanding his own offense was a separate one, I am disposed to hold that Isles was an accomplice, within the definition given to the word by the authorities; but the testimony of Wall, the waiter, and the telegrams sent by Winant to Isles, are evidence in Isles' corroboration sufficient to uphold the indictment. The evidence in corroboration was not very strong or satisfactory, but the grand jury, in its judgment, held it sufficient to warrant an indictment.

But the most serious question urged is as to the defendant Hepburn. There is no testimony showing that he was ever in Kings county in relation to any of the acts alleged to constitute the crime charged,

and never saw or talked with the witness Isles, or any other person, in connection with them; and, if he committed any crime at all, it was in New York county, and he should be indicted there, if at all. The argument of defendants' counsel proceeds throughout on the theory that the crime charged in the indictment is the crime of bribing a grand juror. The district attorney contends that the charge he makes is not for bribing, but for an offer to bribe,—a completed crime by itself; and that this offer took place in Kings county, and was made by Winant in person, in Kings county, to Isles, a member of the grand jury, and that Hepburn was present constructively; that there was a concert of action at the time between Hepburn and Winant. The proof before the grand jury shows the crime of bribery actually accomplished in New York county. It might have been, and, in my opinion, it would have been, much better to indict in New York county for the bribery accomplished, instead of for an offer to bribe in Kings county. Whether one can be prosecuted for an offer to bribe when the bribery is claimed to be an accomplished fact is one of the questions that can be disposed of on the trial, and is not in my province to dispose of now. Naturally, inquiry will be made whether that which is consummated can yet remain an attempt. The indictment seems to be for a promise or offer to bribe, instead of for an actual bribery, and, so considering it, there seems to me testimony sufficient to hold the defendant Winant for trial for making such an offer to bribe.

But the troublesome question is whether there is sufficient legal evidence to hold Hepburn as a principal, in view of his absence from Kings county at the time. Section 29 of the Penal Code provides that:

"A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands or induces, or procures another to commit a crime is a principal."

Any participation in a general felonious plan, provided such participation be concerted, and there be constructive presence, is enough to make one a principal. 1. Whart. Cr. Law, 118. In People v. Bliven, 112 N. Y. 82, 19 N. E. 639, Judge Peckham says:

"The purpose and effect of the section [speaking of section 29] are to abolish the distinction which heretofore existed in cases of felony between a principal and an accessory before the fact, * * * being absent, but counseling and procuring its commission, * * * to place a person who, in cases of felony, would otherwise have been guilty as an accessory before the fact under the same rule as had heretofore obtained in cases of treason and misdemeanor."

Judge Folger, in McCarney v. People, 83 N. Y. 408, said:

"To constitute one a principal in a felony, he must be present at its commission. His presence, however, may be constructive, and this is established when it is shown that he acted with another in the pursuance of a common design, and was so situated as to be able to give aid to his associates with a view to secure the success of a common purpose. To constitute one a principal in a felony, he must be present at the commission of it. But he need not be so near as to be an eye and ear witness of the criminal act. His presence may be constructive, and that constructive presence is made out when

it is shown that he acted with another in the pursuance of a common design; that he acted at one and the same time for the fulfillment of the same preconcerted end, and was so situated as to be able to give aid to his associate, with a view to insure the success of the common enterprise."

It was further said in People v. Bliven, 112 N. Y. 79, 19 N. E. 638, that:

"Crime was proved by showing that the act, although committed by a third person, and in the absence of the defendant, was so committed by his aid and procurement, and in that way, in law and in morals and in good sense, he committed the act himself. * * * The statute of New York abrogates the distinction between an accessory before the fact and a principal. * * * Where the statute, in defining what constitutes a principal in the commission of a crime, includes one who counsels its commission, although absent at the time, we do not lay any stress on the presence or absence of a provision that he shall be indicted or punished as such. If he is made a principal, we think it follows that it would be proper to so indict him. * * * The tendency of modern thought as exhibited in criminal legislation, is to free the practice from mere technicalities, and to bring to the trial of the indictment the very merits of the issue between the people and the defendant, and in the plainest and least formal style. * * * The general policy throughout this country and England runs in favor of liberal views, at the present time, in regard to the treatment of those technicalities which formerly existed as obstructions in the path of the enforcement of the criminal law, * * * in order 'to insure the punishment of the guilty without depriving the accused of any just means of defense,' and we think that the abolition of all distinction between principals in the first and second degree and accessories before the fact does tend in that direction."

There was some evidence before the grand jury which warrants the conclusion of concert between Hepburn and Winant in the offer to bribe Isles, which supports the claim of the constructive presence of Hepburn at the time the offer to bribe was made, and the claim that Winant was sent by Hepburn to make the offer, and that their purpose was a common one; enough, in my opinion, to put Hepburn on trial. His constitutional rights can be fully guarded on the trial.

I have approached the determination of this motion with a full appreciation that the crime charged in this indictment is of that peculiarly dangerous and abhorrent character that it ought to be certainly and severely punished where there is guilt, and that the courts should not in any way aid or encourage any interference with its speedy and certain punishment, and at the same time keeping in mind that, while it was proper to do everything to insure the punishment of the guilty, the accused should have the presumption of innocence, and not be deprived of any just means of defense either as to form or substance. While the case is not free from doubt, I have concluded that the interests of justice will best be served by the denial of the motion at this time, well knowing that the defendants will have, in the county of Kings, that fair and impartial trial to which they are entitled, and, unless their guilt is clearly proven beyond reasonable doubt, they will go free.

Motion denied.