[Crim. No. 1997.   Second Appellate District, Division One.—May 27, 1931.]

THE PEOPLE, Respondent, v. MILFORD B. MARTIN et al., Appellants.

Orbison & Irwin and Charles J. Orbison for Appellants.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and George Stahlman, Deputy District Attorney, for Respondent.

YORK, J.—By an information filed by the district attorney of Los Angeles County containing five counts, the defendants were charged with the crime of bribing a witness

and with the crime of conspiracy to commit a crime, to wit: the crime of bribing a witness. On submission of the cause, the jury was advised to acquit on counts one to four, inclusive. However, the jury returned verdicts finding defendants guilty as charged in counts I, III and V. Thereafter the court granted a new trial as to count III. From the judgments of conviction on counts I and V, and from the order denying their motion for a new trial, defendants prosecute this appeal.

The case has its inception in an automobile accident on the Ridge route near Sandberg, in which a machine owned by one Perrone and driven by Richard Machado, collided with a machine owned and driven by one Barnett, at which time the latter, his wife and son were seriously injured. In order to secure compensation from the insurance company covering Perrone, Barnett put the claim in the hands of the Equitable Adjustments, Inc., of which company the defendants were officers.

There is evidence tending to prove that defendants offered to pay Machado, the operator of the Perrone car, the sum of $100, and a bonus at the end of the trial, if he would make a statement in favor of the Barnetts so they could get the money from the insurance company. The statement was prepared and signed by Machado in the office of the defendants on December 18, 1929, Machado receiving ten dollars on account. The next payment of ten dollars was made at Machado's home on December 24, 1929, at which time the chief adjuster of the insurance company, an inspector from the district attorney's office and others were hidden in an adjoining room.

Appellants maintain that the verdicts and judgments are not sustained by the evidence, and that the trial court erred in the admission and rejection of evidence and in its instructions to the jury. Their main contention is that there is an entire lack of evidence to show that Machado was about to be called as a witness for the reason that, at the time of the negotiations between appellant and Machado, no action was then pending in any court.

We have checked the record carefully and are quite convinced that there is sufficient evidence to sustain the judgments of conviction. The charge of bribery involved is founded upon section 137 of the Penal Code, and we believe the

real purpose of this section is well stated in the case of *People* v. *McAllister*, 99 Cal. App. 37 at 40 [277 Pac. 1082, 1084], as follows: "At the outset it must be remembered that this is a law primarily to prevent the corrupt interference with the administration of justice. Its purpose is to go back as far as necessary and say in effect that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is felonious. . . . Surely, it is not the imminence of the person being called as a witness nor the fact that his being called may be postponed for a time that is determinative of the act coming within the purview of this section. It is the intent of the person interested and his purpose and design that is decisive of that question. True, a person cannot be a witness unless there is an action pending, but a person may be about to be called as a witness even though no action is pending. The attempt to wrongfully influence another's testimony might take place a day or an hour before a proceeding was to be instituted, but immediately following the beginning of which a subpoena might be issued for such person to become a witness therein. No reason is suggested nor is one apparent why it should be unlawful to attempt to bribe or otherwise persuade someone to later defraud the court as a witness if the attempt be made while an action is pending, but if the same effort to obstruct justice were used just before the action were begun it should be exempt from condemnation and entitled to the approval and sanction of the law."

As to the truth of the statement signed by Machado, that was a question for determination by the jury.

Appellants also maintain that as to count V which charged appellants with the crime of conspiracy to commit a crime, to wit: Bribing a witness, the evidence is insufficient to support the judgment in that there was no corroboration of the testimony of Machado, whom they maintain was an accomplice. A reading of the information convinces us that the crime charged was that of giving and promising or offering to give a bribe. In such a case, as the code provisions now are, the receiver is not an accomplice of the giver. (*People* v. *Davis*, 210 Cal. 540 [293 Pac. 32, 39]; citing Pen. Code, secs. 67, 68 and 1111.)

■ Another contention is that the conviction of defendants upon counts I and V of the information constitutes double jeopardy. The crime of conspiracy is a distinct offense from the actual commission of the crime forming the object of the conspiracy, and the fact that the parties to the conspiracy succeeded in perpetrating the acts which of themselves constitute the crime they conspired to commit, in nowise relieves them from liability under section 182 of the Penal Code. It follows that the guilty parties may be legally convicted of both crimes. (*People* v. *Eiseman*, 78 Cal. App. 223, 250 [248 Pac. 716]; *People* v. *MacPhee*, 26 Cal. App. 218 [146 Pac. 522].)

■ Appellants make five specifications of error in the admission and rejection of evidence. We fail to find any error in either the admission or rejection of evidence that could in any way damage the appellants. As to the admission in evidence of Exhibit 2—the statement made and signed by Machado—the information set forth as one of the overt acts of the conspiracy charged, the preparation and signing of the statement referred to. There was, therefore, no error committed in admitting the statement to be introduced in evidence.

■ Appellants charge as error the giving of one of the instructions given, and the refusal to give certain instructions which were tendered by the defendants. We have examined these various instructions, both that given and those refused by the trial court, and are of the opinion that no error was committed by the court in the matter of instructions. The instructions given to the jury sufficiently covered the subjects of the refused instructions.

The judgments and the order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 9, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1931.