### ITSKIN v STATE
### COFFIELD v STATE
### WYATT v STATE

Appeals, 1st Dist. Hamilton Co

Nos 4743, 4752, 4755

Decided April 8, 1935

John A. Doyle, Cincinnati, and D. Liebman, Cincinnati, for plaintiff in error Itskin.

Edward M Ballard, Cincinnati, for plaintiffs in error Coffield and Wyatt.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, Simon Leiss, Cincinnati, and Gordon H. Scherer, Cincinnati, Assistant Prosecuting Attorneys, for defendant in error.

LLOYD, OVERMYER and CARPENTER, JJ (6th Dist) sitting in place of ROSS, MATTHEWS and HAMILTON, (1st Dist)

## OPINION

By OVERMYER, J.

In the Itskin case it was charged that during a period of several months, usually while on duty, he visited several times each week a certain house of prostitution, conducted by one Betty Noble, on the second floor of an apartment building on West 4th Street in Cincinnati on the regular beat of said officer, and that each week he solicited and received a payment of $10.00 as "protection money", and the specific charge in the indictment related to a payment of $10.00 on February 19, 1934. This payment was fully testified to and explained by the prosecuting witness, Betty Noble, and the caretaker of the building and a painter employed there at the time, corroborate her not only as to Itskin's presence there on that occasion but also on many other occasions, and the caretaker, who was doing some repair work in Betty Noble's room, saw something which he described as a "hand transaction" after Betty Noble had gone to her wardrobe and returned to Itskin at the doorway of the room. There are many other circumstances shown in the record which tend to corroborate the testimony of Betty Noble. Other inmates of the Noble establishment testified to delivery of weekly stipends of $10.00 to Itskin for the proprietress, and the court properly limited the testimony as to transactions other than the one laid in the indictment to the purposes for which it should be received.

Counsel for Itskin contend that the testimony of Betty Noble and other inmates of her place is not entitled to any credit; that their testimony should be entirely cast aside because of the business in which they were engaged. The jury saw these witnesses

and heard their testimony and also saw Itskin and heard his testimony, and evidently believed the girls. It would be almost impossible, indeed, to be able to prove in any case involving a situation such as this that a police officer received "protection money" from prostitutes, except upon the testimony of the prostitute, supported by some corroboration. Some corroboration is present in this record, and since we can only review the record and see if prejudicial error intervened, we cannot speculate as to why the jury believed the testimony of Betty Noble and her associates and rejected the testimony of Itskin, except to assume, as we must, that they found the testimony of the women more credible on the facts than that of Itskin. Betty Noble, being an accomplice, the court properly charged the jury on the weight to be given to her testimony, and while some corroboration is shown in this record, corroboration is not essential to conviction.

Allen v State, 10 Oh St, 288;
State v Lehr, 97 Oh St, 280.

The verdict of conviction is not manifestly against the weight of the evidence.

As to the claimed error of the court in refusing to give the jury data, testimony and information during its deliberations, we find no merit in this contention. The record shows that after its retirement the jury requested by a note sent to the court, "We wish to have all the testimony of all the witnesses examined", which note was signed by the foreman. This request was, of course, refused by the court. The jury then requested to have certain parts of the testimony of two witnesses read to them, and this request was complied with by having the court reporter read the same to the jury in open court in the presence of all parties. There is no prejudicial error in this respect.

The other error complained of in the Itskin case relates to certain rebuttal testimony which the plaintiff in error contends was not proper rebuttal, but should have been offered in chief. The record discloses no objection to the witness being called for rebuttal, and the court then permitted Itskin to call a witness for sur-rebuttal. There is no prejudicial error in what was done.

The petition in error makes no complaint regarding the charge of the court, but under the ground "other errors apparent on the face of the record", complaint is made of the court's charge on the subject of "reasonable doubt". The objection made was that a word or two was omitted from the statutory definition, but the bill of exceptions shows that the statutory definition was given by the court but certain words omitted in the transcript through mistake by the court reporter. We have examined the charge and find no error in the respects complained of, or otherwise.

In the second case, Coffield and Wyatt were found guilty under an indictment charging the acceptance of a $50.00 bribe on May 18, 1934, from one Mabel Smith, also a prostitute, and the foregoing discussion of the Itskin case applies with equal force to this case. We have examined the record and find the verdict not contrary to the manifest weight of the evidence, nor do we find other errors either in the charge of the court or otherwise, prejudicial to the plaintiffs in error.

The judgment of the lower court in each case is affirmed.

Judgments affirmed.

LLOYD and CARPENTER, JJ, concur.