J. P. HAMPTON V. THE STATE.

No. 22437. Delivered March 10, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*A. Q. Mustain,* of Aubrey, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of accepting a bribe.

J. P. Hampton was constable of Precinct 8, Denton County, Texas, during the year 1941, having been elected in the previous general election. He had served as constable many years by previous elections. The indictment alleges that he accepted a bribe from Holman Jackson in the sum of $10.00 on or about the 5th day of July, 1941, with the understanding and agreement that he would not arrest or apprehend Jackson on a charge of violation of the liquor laws.

Holman Jackson became the principal prosecuting witness at the trial and was the only person who testified to any transaction in violation of the law between himself and the constable other than that hereinafter specifically noted. The only witness who testified about the transaction alleged was Jackson's wife. Other transactions at other times and places are referred to in the evidence, but by a party admittedly engaged in the bootlegging business with Jackson and who, according to Jackson, was receiving benefits from his pay-off agreement with the constable. Whatever crime might be involved, such witness was an accomplice and his evidence will not be discussed. Furthermore, it is not shown to have any relation to the offense for which Hampton was on trial.

Admittedly Jackson's testimony completely details a transaction forming the offense alleged. He was a party to this crime and before his testimony becomes sufficient to support a conviction it will be necessary that there be corroborating testimony or evidence to corroborate him and tending to connect appellant with the commission of the offense. Almazon v. State 145 S. W. (2d) 576; Jones v. State 147 S. W. (2d) 508. The

state relied on the evidence of Mrs. May Jackson for this purpose. Referring to the occasion which gave rise to the prosecution, she says that on or about that time between twelve and one o'clock at night, Hampton came to their home where she and her husband were sleeping on a screened porch. A screen door was at the outside entrance. She heard Hampton call her husband who jumped up, turned on the light and went to the door. He took his billfold from under the pillow as he did so. The constable told Hampton that he needed the money Hampton owed him to pay off some hands the next day. He also said something about a preacher and several others having gone over to Denton to see the sheriff and that he wanted to talk to him (Jackson). They went off and stayed awhile. The husband handed the constable some money at the door but she did not know how much he handed to him. They were gone about thirty minutes, after which her husband returned and went to bed. She saw them talking at other times. About fifteen days thereafter the sheriff arrested her husband who stayed several days in jail and paid a fine. It will be noted that nothing was said in the conversation relative to any agreement between the bootlegger and the constable. The purpose for the payment of the money was not explained nor even referred to. If we apply the accepted rule of construction and consider all the evidence in the case separate and apart from the testimony of Jackson himself, there is nothing to create even a slight suspicion that the constable had accepted a bribe or that there had been any conversation between him and Jackson relative to the matter whatsoever.

The evidence is considered insufficient to sustain the conviction and the judgment of the trial court is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State, in its motion for rehearing, claims that we erred in holding the evidence insufficient to sustain appellant's conviction in this: that the accomplice witness, Holman Jackson, was not corroborated on material incriminative matters. It is contended that Mrs. Jackson testified that in the early part of July, appellant came to her home one night while she and her husband were sleeping on their porch; that he called, "Jack, Jack," that her husband jumped up, turned on the light and went to the door with his billfold; that appellant told her husband that

the preacher and several others had been to Denton to see the sheriff and for him to come out; that he wanted to talk to him; that her husband took his money from under the pillow and handed it to appellant; that she did not know how much it was or what it was for; that they (appellant and her husband) left and were gone about thirty minutes. We fail to see how this evidence tends to support the testimony of her husband on the material incriminative fact that appellant had accepted a bribe. While the corroborating evidence need not be sufficient to establish the guilt of the accused, yet it must tend to connect him with the commission of the offense. See Branch's Ann. Tex. P. C., p. 367, sec. 719, and authorities there cited. See also Franklin v. State, 62 Tex. Cr. R. 433; Almazan v. State, 145 S. W. (2d) 576. The requisites of the rule are clearly stated by Judge Hurt in the case of Welden v. State, 10 Tex. Cr. App. 400.

It is further contended that the accomplice witness, Holman Jackson, is corroborated by circumstances which tend to connect appellant with the offense charged in this: that although appellant had heard that Jackson was engaged in the illicit sale of intoxicating liquor, he made no effort to arrest him or to secure a search warrant to search his premises for intoxicating liquor. These facts may show that appellant was not an alert officer but it does not tend to show that he committed the offense charged. The State, in support of its contention, cites us to the following authorities: Davis v. State, 275 S. W. 1060; Stovall v. State, 283 S. W. 850; and Minor v. State, 299 S. W. 422 (429).

In the Davis case, supra, the accused made a confession which was introduced in evidence; and the parties, who were engaged in the illicit manufacture of whisky and paid him for not molesting them in their illegal enterprise, testified to many facts and circumstances directly connecting him with the commission of the offense. Consequently that case is not a parallel to the one under consideration. The other cases cited are easily distinguishable on the facts.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.