245 P.2d 411

STATE v. MARTIN.
No. 1024.

Supreme Court of Arizona.
June 16, 1952.

Rehearing Denied July 8, 1952.

Krucker, Evans & Kemper, of Tucson, for appellant.

Fred O. Wilson, Atty. Gen., of Phoenix, Robert Morrison, County Atty. of Pima County, and Morris K. Udall, Chief Deputy County Atty. of Pima County, Tucson, for appellee.

FAIRES, Superior Court Judge.

Appellant, Jerome P. Martin, Sr., was charged with and convicted of the crime of receiving a bribe and sentenced to serve not less than two nor more than five years in the state prison. After the denial of motions in arrest of judgment and for a new trial, he perfected this appeal from the judgment of the lower court.

At the time of the commission of the alleged offense, appellant was the duly elected and acting sheriff of Pima County, Arizona. The information charges that appellant, between the 1st of April and the 25th of May, 1950, wilfully, unlawfully and feloniously asked and received from one Delores Raines and or Charles "Slim" Littler, a bribe in the amount of $300, with corrupt intent and the understanding or agreement that appellant would refrain from arresting or interfering with the said Delores Raines in the operation of various houses of prostitution in Pima County, Arizona.

The facts stated in a light most favorable to the state are that Delores Raines arrived in Tucson in February of 1950 and about a month or two later met appellant for the first and only time. They talked about the possibility of her opening a house of prostitution but no arrangements were made and nothing was said concerning the payment of any money. A couple of weeks later she opened a "house" on Ina Road, north of the city of Tucson.

Leslie F. Moore, a deputy sheriff under appellant, was assigned to investigate a complaint concerning the operation of this "house". He told Delores Raines that she would have to close up. She in turn made an offer to pay $100 per week for protection.

Moore communicated this offer to appellant who told him to collect the $300 covering the past three weeks' operations. Moore returned to the "house" and collected $300 in currency from one Charles "Slim" Littler who said that he was paying it for Delores Raines. Moore then returned to the sheriff's office, put the money in an envelope and gave it to the undersheriff, John Phebus, stating, "here is a present for the boss". The latter placed it on appellant's desk.

Appellant's numerous assignments of error may be grouped under four propositions, the first of which is the contention that the court erred in permitting the introduction of evidence of similar offenses which occurred subsequent to the date of the alleged crime for which the defendant was on trial.

It is the claim of the state that testimony of any like act or acts of the appellant is admissible tending to show motive, plan or scheme, the absence of mistake or accident on his part. Furthermore the state contends that in a prosecution for accepting a bribe, testimony showing a continuing plan or system is not limited to acts occurring on or about the date alleged in the information and testimony may be introduced tending to show both prior and subsequent similar offenses by the defendant. A leading case on this point is People v. Johnston (not cited in the briefs), 328 Mich. 213, 43 N.W.2d 334, 20 A.L.R.2d 1001. The opinion and the annotation that follows contain an exhaustive review of the authorities pertaining to admissibility, in prosecutions for bribery, of evidence tending to show the commission of other similar offenses, whether contemporaneous, prior or subsequent, if relevant to the crime charged.

In the Johnson case, supra, the court held that under the Michigan statute the giving and the receipt of the bribe are separate offenses. The court further held that the purpose of their statute in the prosecution for the crime of bribery was to do away with the rule pertaining to proof of other offenses and to permit the introduction of such testimony even though it might tend to show the commission of other prior or subsequent crimes by the defendant, where such evidence shows the general plan or scheme or throws light upon the defendant's acts and intent in the transaction on trial. The decision upholds the doctrine that while testimony showing the continuing plan or system must be confined to the time the plan was in operation, yet such evidence was not limited to acts occurring on or about the date alleged in the information.

█ Admissibility of testimony fairly tending to establish a continued system or plan has been repeatedly recognized not only in this state but in many other jurisdictions as well. State v. Kuhnley, Ariz., 242 P.2d 843; Taylor v. State, 55 Ariz. 13, 97 P.2d 543; Lewis v. State, 32 Ariz. 182, 256 P. 1048. The rule in this regard may

·well be said to be established by the over-·whelming weight of authority.

■ Decisions cited by appellant re-'lating to the trial of offenses not involv-ing corrupt intent are for obvious reasons ·not in point. The corrupt intent necessarily :involved in the receiving and accepting of .a bribe by a public officer, to influence him in connection with the performance of his duties, may be established by proof of a ·specific payment upon which the informa-·tion is based, supplemented by testimony of the character here in question. State v. .Ames, 90 Minn. 183, 96 N.W. 330; People ·v. Duffy, 212 N.Y. 57, 105 N.E. 839, L.R.A. 1915–B, 103; Higgins v. State, 157 Ind. 57 ·60 N.E. 685; Butt v. State, 81 Ark. 173, 98 S.W. 723, 118 Am.St.Rep. 42. The cases uniformly hold that testimony tending to show a continuing plan or system of which prior or subsequent transactions directly in-volved was a part is competent as bearing ·on the issue of intent. Such testimony must, of course, have reference to the period of time during which such plan or ·system was in operation, including prelim-inary matters or agreements involved in the establishment of such system and relat-ing to the method of operation thereunder in support of the exception to the rule that ·evidence of crimes other than that charged is inadmissible. See II Wigmore on Evi-·dence, 3d Ed., section 343.

This brings us to a consideration of ap-·pellant's assignments of error relative to ·(a) the failure of the trial court to instruct a verdict of not guilty at the close of the state's case in chief, and at the close of all of the evidence, for the reason that the only evidence tending to connect the defendant with the crime of asking and receiving a bribe was the uncorroborated testimony of accomplices; and (b) the giving of an in-struction that one who pays or offers a bribe to a public officer is not the accom-plice of the one charged with the crime of asking or receiving a bribe.

As applied to the facts in this case it is conceded in both briefs that deputy sheriff Leslie Moore, who acted as the go-between for the appellant, is properly termed an accomplice, therefore the question is wheth-er Delores Raines is an accomplice of the appellant?

In 8 Am.Jur., Bribery, section 34, under the heading: "Bribegiver and Bribetaker as accomplices", it is stated:

"Whether the giver and taker of a bribe are accomplices, one of the other, within the rule requiring corrobora-tion of an accomplice's testimony, the courts are not in accord. * * *"

See, also, 22 C.J.S., Criminal Law, § 798, subsection e; 4 Cal.Jur., section 23, p. 511; State v. Sweeney, 180 Minn. 450, 231 N.W. 225, 73 A.L.R. 389.

Many courts hold that by reason of the part the offeror plays, he is an accomplice of the person who takes the bribe. Tur-ner v. State, 58 Ga.App. 775, 199 S.E. 837; People v. Winant, 24 Misc. 361, 53 N.Y.S.

695; Egan v. United States, 52 App.D.C. 384, 287 F. 958; Itskin v. State, 51 Ohio App. 211, 200 N.E. 202; Wilkins v. State, 70 Okl.Cr. 1, 104 P.2d 289; Hampton v. State, 145 Tex.Cr.R. 599, 170 S.W.2d 748. To this list might be added the well-reasoned case of People v. Coffey, 161 Cal. 433, 119 P. 901, 39 L.R.A.,N.S., 704. However, following that decision the California Legislature amended the accomplice statute by incorporating the following definition:

"An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." Pen.Code Cal. § 1111.

Whereupon the Supreme Court of California in a later decision, People v. Davis, 210 Cal. 440, 293 P. 32, held that they were no longer accomplices.

On the other hand in the following jurisdictions the appellate courts have taken the view that they are not accomplices for the reason that bribegiving and bribetaking are distinct offenses: State v. Wappenstein, 67 Wash. 502, 121 P. 989; State v. Sweeney, 180 Minn. 450, 231 N.W. 225, 73 A.L.R. 380; People v. Martin, 114 Cal.App. 392, 300 P. 130; State v. Emory, 55 Idaho 649, 46 P.2d 67; State v. Coffey, 157 Or. 457, 72 P.2d 35; Commonwealth v. Hopkins, 165 Pa.Super. 561, 69 A.2d 428.

While we have not had this precise question (in re bribery) previously before us, we do believe that legal principles have been enunciated by this court that by analogy are determinative of this question. In the case of Leon v. State, 1920, 21 Ariz. 418, 189 P. 433, 435, 9 A.L.R. 1393, it was held that the thief was not an accomplice of the receiver of the stolen goods, and this yardstick was applied, viz.:

"* * * The general test to determine whether a witness is or is not an accomplice is: Could he himself have been indicted for the offense, either as principal or as accessory? If he could not then he is not an accomplice. * * *"

This court has consistently adhered to this test in determining whether the witnesses in the following cases were accomplices: Reser v. State, 27 Ariz. 43, 229 P. 936 (thief and receiver of stolen property); State v. Green, 60 Ariz. 63, 131 P.2d 411 (a prostitute and one charged with receiving her earnings); State v. Miller, 71 Ariz. 140, 224 P.2d 205 (a minor and one charged with contributing to his delinquency); State v. Chitwood, 73 Ariz. 161, 239 P.2d 353; on rehearing 73 Ariz. 314, 240 P.2d 1202 (the gambler and the operator of a gambling establishment); State v. Kuhnley, supra (another case of the thief and receiver of stolen property). Justice Baker in the case of Baumgartner v. State, 1919, 20 Ariz. 157, 178 P. 30, 32 (involving the testimony of a buyer of intoxicating liquors back in prohibition days), made the significant pro-

nouncement that in order to make one an accomplice to a crime:

"* * * The 'aiding' or 'abetting' contemplated by the statute is some positive act in aid of the commission of the offense—a force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point. * * *"

■ Appellant was informed against under the provisions of section 43–1702, A.C. A.1939, which reads:

"Every person who gives or offers any bribe to. any public officer with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer, is punishable by imprisonment in the state prison not less than one (1) year nor more than fourteen (14) years; and is disqualified from holding any office in this state. Every public officer, or person elected or appointed to a public office, who asks, receives, or agrees to receive, any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the state prison not less than one (1) nor more than fourteen (14) years, and, in addition thereto, forfeits his of-

fice and is forever disqualified from holding any office in this state."

Originally this statute, in substance, appeared as sections 74 and 75 Penal Code 1901; sections 69 and 70 of the 1913 Penal Code, but in the revision of the 1928 Code they were combined under section 4515, which was later carried forward into the 1939 Code, supra. It is our considered opinion, notwithstanding the revision, that two separate offenses are contained in section 43–1702, supra, the one involving the bribegiver and the other the bribetaker. It is to be noted that while the penalty happens to be the same, two separate penalty clauses are set forth.

In a "far-away sense" the overall crime of bribery may be the same, but when as here it is broken down into its component parts two separate offenses are prescribed with the penalty for each. We hold that the trial court correctly denied the motions for an instructed verdict as well as instructing the jury that the bribegiver was not an accomplice of the bribetaker because they do not "approach it from the same angle or touch it at the same point".

■ The appellant's third contention is that the laws of the state of Arizona do not make the operation of a house of prostitution outside a restricted area a criminal offense; hence, the appellant could not be guilty of bribery predicated upon an agreement to not arrest the person so engaged outside the restricted area, for there is no duty or right of a sheriff in his official ca-

pacity to interfere therewith. A complete answer to this proposition of law was considered and disposed of against the appellant's contention in State v. Hendricks, 66 Ariz. 235, 186 P.2d 943, 947. In that case the bribegiver was contending there could be no bribery of an officer outside the scope of his official duty and this court said:

"The act intended to be influenced must be connected with one's official or public duty, although the duty may possibly arise only in the future, but if the act is associated with official duty, it is immaterial whether the bribed person has, or has not, authority to do that specific thing, since the essence of the crime is the fact that he agreed to do it under color of office." (Citing cases.)

This case is squarely in point on the question and we reaffirm the principles there announced.

Nor is there any merit to appellant's contention that the trial court should have instructed a verdict for him at the close of the state's case or again at the close of all the evidence, upon the ground that the evidence was insufficient to support the verdict. A careful examination of the entire record convinces us, as it did the trial court who saw and heard the witnesses, that the evidence fully justified the verdict and that the ends of justice have been served. It would therefore serve no useful purpose to exhaustively detail the evidence.

What we have said disposes of appellant's fourth contention and makes it unnecessary to consider his other assignments of error, as all points of any substance have been considered and covered.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.

DE CONCINI, J., being disqualified, the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in his stead.