[Civ. No. 9970.    Third Dist.    June 2, 1960.]

ROBERT LICHENS, Petitioner, v. SUPERIOR COURT OF SISKIYOU COUNTY, Respondent.

Barr & Messner for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and Raymond M. Momboisse, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—Petitioner was indicted for bribing a witness in violation of section 136½ of the Penal Code. The present proceeding to restrain the superior court, by writ of prohibition, from proceeding with the trial of the action is prosecuted principally upon the ground that the court has no jurisdiction to try the petitioner under said indictment for the reason that petitioner was indicted without reasonable or probable cause.

At the same time that the grand jury was investigating the above charge against petitioner, it also investigated and took evidence which resulted in a separate indictment being returned against the petitioner for attempted rape of one Lulu Carstensen and also evidence which resulted in Lulu Carstensen being indicted for having accepted a bribe in violation of section 138 of the Penal Code, and also took evidence against her husband, Richard Otto Carstensen, for

_____
*Assigned by Chairman of Judicial Council.

alleged violation of section 182, subdivision 1 of the Penal Code, for conspiring with a witness (Lulu Carstensen) to commit the crime of accepting a bribe in violation of section 138 of the Penal Code.

The record shows that at the hearing of the motion to set aside the indictment in question a transcript of the evidence taken before the grand jury in all the matters was before the trial court. The charging part of the indictment returned against petitioner is as follows:

"The Grand Jury of the County of Siskiyou, State of California, hereby accuses Robert Litchens [Lichens] of a felony, to-wit: bribing a witness in violation of Section 136½ Penal Code of the State of California in that on or about the 11th day of February, 1960 in the County of Siskiyou, State of California, he did willfully, unlawfully and feloniously offer, give and promise to give to Lulu Carstensen, who was then and there a witness and a person about to be called as a witness in a certain action entitled the People of the State of California vs. Robert Litchens [Lichens], then pending in the Justice Court of Yreka Judicial District, a bribe in the amount of Five Hundred Dollars ($500.00) lawful money of the United States of America, upon an understanding and agreement that the said Lulu Carstensen would not attend upon the trial and hearing of said action."

Petitioner contends, among other things, that he was indicted without reasonable or probable cause. The gist of petitioner's contention is that the record is void of any evidence to indicate, or from which an inference might be drawn, of any "understanding or agreement" that Mrs. Carstensen was not to attend upon any trial in connection with the attempted rape charge. We feel that there is merit in this contention.

The record shows that on or about February 4, 1960, the petitioner attempted to rape one Lulu Carstensen. It is apparent that a complaint was filed against petitioner, charging him with attempted rape and that the matter was pending in the Justice Court of Yreka Judicial District at the time of the giving of the alleged bribe in question.

On February 7th or 8th, the petitioner met Mr. Richard Otto Carstensen, the husband of the victim. The petitioner talked about what had happened between himself and Lulu Carstensen, the wife of Mr. Carstensen. The petitioner said that a lot of people would be involved and get their names

dragged in the dirt. He said that "he would like to have it dropped if he possibly could." He concluded by saying that he would give Mr. Carstensen $500 if the victim would drop the case. Mr. Carstensen told Lulu Carstensen of petitioner's offer. She told him that she would not drop the case for $10,000.

After this, Mr. Carstensen again met the petitioner. He informed the petitioner that Lulu would not drop the case against him. Petitioner again reiterated that everybody would get their names dragged in the dirt. He said that his business was hurt; that he could not afford to take the matter into court, and he desired to have it dropped in any way he could. Mr. Carstensen said that he thought Lulu would never drop it. The petitioner then offered to pay $500 if she would drop it. Mr. Carstensen said that he would convey this offer to the victim. When informed of this offer, Lulu again said she would never drop the case.

On February 11th, at about 1 o'clock in the afternoon, Mr. Carstensen again saw the petitioner and informed him that Lulu would never drop the case. The petitioner then stated that Lulu's sister's and her mother's names would be dragged into the papers and that a general "stink" about the whole thing would be stirred up. He again reiterated that he would like to get the matter dropped and upped his offer to $500 cash and $500 more in 30 days.

Several hours later the petitioner met Lulu and Mr. Carstensen. The petitioner told her that he wanted to keep the matter out of court, that he had a lot of trouble already and his credit had been shut off, that there were a number of reputations that were going to be dragged into this, and a lot of people are going to get hurt. He offered her $500 immediately and $500 more in 30 days. She told him that she did not want to drop the charges and that if it was just the petitioner she would do everything she could because she hated him. He said that he realized this, but thought that it would be advisable to do it for the sake of her family and to keep everyone else's name out of it. She then said that she did not think she could. It was finally agreed that they would meet again the next day in Yreka in the office of petitioner's attorney. The reason given by the petitioner for the offer of this money was to have the charge of attempted rape dropped. It appears that petitioner did not meet Mrs. Carstensen the

next day as agreed. However, $500 was paid to her by petitioner's attorney in his office on that date.

The evidence clearly shows that the only purpose of the bribe was to induce Mrs. Carstensen "to drop the case" (an act which would have required the consent of the district attorney at that time), not that she would not attend upon the trial and hearing of said action. This is forcibly borne out by a question which Mrs. Carstensen asked of petitioner's attorney at the time she accepted the alleged bribe as appears in a tape recording as to what transpired at that time. The questions and answers were: "Well, then will you tell me one thing? A. Yes. Mrs. Carstensen: How do you go about dropping the charges? . . . Do I go to the D.A. to drop the charges? A. That is up to you. I'm not going to give you any advice on it."

Section 136½ of the Penal Code provides as follows: "Every person who gives or offers or promises to give to any witness or person about to be called as a witness, any bribe upon any understanding or agreement that such person shall not attend upon any trial, or every person who attempts by means of any offer of a bribe to dissuade any such person from attending upon any trial, is guilty of a felony."

Construing this section according to the fair import of its terms, with a view to effect its object and promote justice (Pen. Code, § 4) and give to its words and phrases the approved usage of the language (Pen. Code, § 7, subd. 16), we find nothing therein that makes it unlawful "to drop a charge." The essential elements of the bribery defined is an "understanding or agreement" that the person about to be called as a witness, "shall not attend upon any trial." The evidence failing to show these essential elements, there was, as a matter of law, no reasonable or probable cause for the returning of the indictment in question.

The petition for a peremptory writ of prohibition is granted.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied June 30, 1960, and respondent's petition for a hearing by the Supreme Court was denied July 27, 1960.