[Crim. No. 29463. Second Dist., Div. Five. Dec. 19, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY JOSEPH BROCE, Defendant and Appellant.

COUNSEL

W. Michael Sterling, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Kent M. Bridwell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KAUS, P. J.—Defendant Roy Joseph Broce was convicted by a jury of violating Penal Code section 137, in that by force or threat of force he attempted to induce a person about to be called as a witness to give false testimony or withhold true testimony.

### FACTS

In January 1976, Carol Weinald and her boyfriend were sitting in a parked car in front of Carol's house. She saw a 1965 orange or gold colored Chevy drive by twice at about 15 or 20 miles per hour within a

5-minute period. The vehicle then came down the street a third time, and the driver parked about four houses away from where Weinald and her friend were watching. Weinald contacted the sheriff's department.

A deputy sheriff arrived. The driver, defendant, started to leave, but was prevented by two sheriffs' vehicles which blocked his path. Defendant was alone in the car. The deputies asked him to get out and asked him for his identification. One deputy observed a portion of a revolver near the front seat. He retrieved the weapon, found that it was loaded, and arrested defendant. Weinald was later told what had been recovered from defendant's vehicle.

Two days after the incident, defendant came to Weinald's home. Her brother answered the door. Defendant asked him if he knew anyone who owned a blue 1956 Chevy pickup truck and whether he had a sister. Weinald came to the door. Defendant said, "You're the one that called the police," or "You are the one that called the cops." Defendant asked Weinald to call the sheriff's department and tell them she had not seen defendant drive around the block two or three times, because he was "going to try to get them [the officers] for illegal search and seizure." Weinald did not respond. Defendant said that he would "hate to mark the house," and that he had a "loaded .38." He said that he had been a machine gunner in Vietnam and had "killed over 239 gooks." Defendant said, "Aren't you scared that I was going to come back and do anything to you?" Although Weinald was frightened, she said, "No." Weinald's brother also felt that what he heard was a threat, and that defendant wanted Weinald to change her testimony.

Defendant testified that he had gone to Weinald's residence solely to locate a witness to his arrest. When he had been arrested, he had seen two persons sitting in a blue 1956 Chevy. Defendant believed that he was illegally arrested and wanted to find some witnesses to substantiate his belief. He admitted that he related some "war stories" to Weinald, but he did not threaten her in any way.

DISCUSSION

1. *Motion to Dismiss*

After defendant's preliminary hearing, he was held to answer under Penal Code section 136, subdivision (b), which makes it unlawful to prevent or dissuade by means of force or threats of injury any person

who is or may become a witness from attending any trial or proceeding. Before trial, the People were permitted to amend the information to allege a violation of Penal Code section 137 as to count 2 and to dismiss count 1 which charged a violation under section 136. The motion was granted.

■ Defendant, conceding that the People were entitled to amend the information to charge an offense shown by the evidence at the preliminary hearing, contends that the evidence presented at that hearing was insufficient to hold him to answer under section 137. The contention is without merit. Carol Weinald's testimony at the preliminary hearing was substantially that given at the trial. She observed defendant's vehicle; she telephoned the police; two days later, defendant came to her house and made the statements quoted above.[1] If the evidence was sufficient to convict defendant—a matter discussed below—it was sufficient to hold him to answer.

### 2. *Sufficiency of the Evidence*

Defendant contends that he did not violate Penal Code section 137. He points out that Weinald was neither a witness nor a possible witness with respect to the weapons possession charge pending against defendant. This is true, but irrelevant. Weinald's observations were material to the legality of defendant's arrest—whether he planned to raise its illegality as a defense to the criminal charges or, affirmatively, in an action for false arrest. Nor does it matter that no such action was pending at the time of the threat. Section 137 contains no such requirement.

■ "[T]his is a law primarily to prevent the corrupt interference with the administration of justice. Its purpose is to go back as far as necessary and say in effect that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is felonious. . . . It is the intent of the person interested and his purpose and design that is decisive of that question. True, a person cannot be a witness unless there is an action pending, but a person may be about to be called as a witness even though no action is pending." (*People* v. *McAllister* (1929) 99 Cal.App. 37, 40-41 [277 P. 1082].)

---

[1]Actually, Weinald's testimony at the preliminary hearing was stronger. She testified that defendant said: "If you say anything or testify I am going to have to mark this house."

"No reason is suggested nor is one apparent why it should be unlawful to attempt to bribe or otherwise persuade someone to later defraud the court as a witness if the attempt be made while an action is pending, but if the same effort to obstruct justice were used just before the action were begun it should be exempt from condemnation. . . . The term 'or person about to be called as a witness' in the first part of the section, . . . was used with the legislative intent of including within its denouncement all offers of bribes to any person in contemplation of his becoming a witness. Such anticipation is not affected . . . by the fact, . . . that the proceeding in which influenced testimony is to be given or withheld has not yet been filed." (*Id.,* p. 41.) (See also *People* v. *Martin* (1931) 114 Cal.App. 392, 394-395 [300 P. 130]; see *Evans* v. *Superior Court* (1950) 96 Cal.App.2d 187, 189 [214 P.2d 579] [Pen. Code, § 138].)

■ Defendant contends that, in any event, he did not try to induce "testimony." Rather, Weinald testified that defendant asked her if she "would call and ask or tell them that I didn't see him drive around two or three times. . . ." Similarly, her brother testified that defendant "was talking about how he'd like to have my sister change her story to the police. . . ." The evidence should not be viewed piecemeal. While expressly defendant only asked Weinald to contact the deputies and change her story, the jury could reasonably infer that he intended that Weinald testify either on a motion to suppress the fruits of his arrest or in any planned action against the police.

Nor is it material that in either case the police could prove a prima facie case of probable cause to arrest without calling the citizen informant on whose information they acted (cf., *People* v. *Hill* (1974) 12 Cal.3d 731, 757 [117 Cal.Rptr. 393, 528 P.2d 1]), and that the legality of defendant's arrest did not really depend on what Weinald observed, but on what she told the police. We know of no authority holding that the "false testimony" to which section 137 refers must be proved to be material in the light of the issues framed or to be framed.

Defendant's reliance on *Lichens* v. *Superior Court* (1960) 181 Cal.App.2d 573 [5 Cal.Rptr. 539], is misplaced. There the defendant was charged with a violation of Penal Code section 136½, which, as relevant, at the time,[2] made unlawful offering a bribe to a witness or a person about to be called as a witness, to dissuade that person from "attending

---

[2]Section 136½ was amended in 1963 (Stats. 1963, ch. 1939, § 1, p. 3993) to add "or other judicial proceeding , . . ."

upon any trial. . . ." In *Lichens,* the defendant, charged with attempted rape, tried on four occasions to induce the victim to have the case "dropped" in exchange for a total of $1,000. (181 Cal.App.2d pp. 574-575.) The court held that the defendant's actions did not constitute a violation of section 136½. The court found nothing in section 136½ "that makes it unlawful 'to drop a charge.' The essential elements of the bribery defined is an 'understanding or agreement,' that the person about to be called as a witness, *'shall not attend upon any trial.'* " (*Id.,* p. 576, italics added.) Even if *Lichens* is good law, it is simply not in point.

In short, the evidence was sufficient to establish a violation by defendant of Penal Code section 137.

### 3. *Jury Instructions*

■ The jury was instructed, at the People's request, that every "person who attempts by force or threat of force or by any other means fraudulently to induce any *person* to give false or withhold true testimony is guilty of a felony." The jury was then instructed, at defendant's request, that to find him guilty of violating section 137, the jury "must find he made the attempt by force or threat of force or by any other means fraudulently to induce *any person about to be called as a witness* to give false or withhold true testimony."

Defendant contends that the instructions were conflicting in that the instruction requested by the People referred only to every "person," while the instruction referred to by defendant referred to "any person about to be called as a witness. . . ."

We disagree. Although no model of precision, the instructions taken together are, at worst, somewhat repetitious. The jury was instructed that the "person" was one "about to be called as a witness. . . ."

The Attorney General also contends that defendant was not entitled to an instruction that the person was one "about to be called as a witness." Were we not bound by a precedent, we would be inclined to agree.

Section 137 combines two offenses and reads, as relevant: "Every person who gives . . . to any witness, or person about to be called as a witness, any bribe, . . . or who attempts by force or threat of force . . . to induce any person to give false or withhold true testimony, . . . ." The

second offense—using force or threats—refers, not to "witness," but to "any person . . . ." The failure to qualify the word "person" by a "such"—does not appear to be inadvertent. Section 136½, which also encompasses two offenses in one paragraph, prohibits a bribe to any "witness or person about to be called as a witness" based on an understanding or agreement, or a bribe "to dissuade any *such* person from attending. . . ." By qualifying the reference—"such person"—the Legislature made clear that the person must be one who is a witness or about to be called as a witness. The absence of parallel language in section 137, which follows, and which was last amended in 1970 suggests that the Legislature did not intend that the person subjected to "force or threat of force" must be one "about to be called as a witness." On the other hand, the 1970 amendment was passed over 40 years after *People* v. *McAllister, supra,* 99 Cal.App. 37 where the court, in construing the meaning of the term "person about to be called as a witness," stated: "It seems equally clear that the term 'any person' used in the last phrase is intended to include both any witness and any person about to be called as a witness as denominated in the first part of the statute." (*Id.,* p. 41.)

Nevertheless, whether the second "person" in section 137 is "any person" or any "person about to be called as a witness" may be academic, since *McAllister,* and *Martin* and *Evans,* which followed *McAllister,* make clear that there need be no more than a person who can offer testimony contrary to the interests of the person offering the bribe or making the threats.

Affirmed.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1978.