## Giles Neal v. The State.

### No. 2497. Decided June 4, 1913.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Same—Accomplice—Purchaser—Charge of Court.**

Upon trial of a violation of the local option law, there was no error in the court's failure to charge that the purchaser was an accomplice or submitting this question to the jury, as the purchaser is especially exempted, and is not an accomplice. Penal Code, article 602.

**3.—Same—Charge of Court—Identification of Money.**

Where, upon trial of a violation of the local option law, the State proved the sale which the defendant denied, and the State's evidence also showed that the paper dollar which went to pay for the whisky was afterwards clearly identified by a mark thereon, there was no error in the court's failure to submit this matter to the jury, as this was no special defense.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Graham & Smitha,* for appellant.—On question of court's failure to

charge on dollar bill: Wheeler v. State, 30 S. W. Rep., 913; Woodall v. State, 126 S. W. Rep., 591.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for illegally selling intoxicating liquors in Bowie County, after prohibition had been properly carried and put in force therein. The election was shown to have been held and prohibition put in force in 1910. The illegal sale was alleged to have been made on January 14, 1913. The appellant was convicted and his penalty fixed at two years in the penitentiary.

The evidence is amply sufficient to clearly establish appellant's guilt.

One contention by appellant is that Charlie Williams, to whom the illegal sale was charged to have been made, and who testified to the purchase of intoxicating liquor from appellant, was an accomplice and the court erred in not so charging. Our statute (P. C., art. 602) expressly enacts that such purchaser shall not be an accomplice. The decisions, and there are a large number of them, follow the statute and expressly so hold. The court did not err in not charging that the purchaser, Williams, was an accomplice, or submitting to the jury whether or not he was.

The evidence by the State was that after Williams, the prosecuting witness, saw appellant and learned he could buy whisky from him, he told appellant he did not then have the money to pay for it but would go get it; the witness thereupon went to the constable, who furnished him a one dollar currency bill, he and another so marking the bill that it could be clearly identified, and gave it to the witness, who then went and bought the whisky from appellant, paying this one dollar bill therefor. Immediately after the sale, the officers took from the witness the bottle of whisky so bought from appellant and at once saw appellant and took from him the said one dollar bill. Appellant positively denied making a sale of whisky to the witness, and claimed that the way he came in possession of the said one dollar bill was that the witness Williams had him, appellant, to give him change therefor. Appellant also had other witnesses who testified substantially as he did. The State had other evidence strongly corroborating Williams in his testimony. Under these circumstances appellant claims that the court erred in not submitting affirmatively his defense. He made no objection to the charge of the court at the time and requested no special charge on the subject. The question is raised by motion for new trial only.

The fact that appellant attempted to show how he came in possession of the said one dollar bill, as explained above, was no special defense to the State's case against him. His defense was that he did not make the sale and so testified. His explanation of how he came in possession of the one dollar bill is merely a matter of evidence and was no special defense. The court in submitting the case to the jury required them to believe the facts, beyond a reasonable doubt, necessary under the law to

convict him before they could do so and gave in his favor the reasonable doubt charge in accordance with the statute, and that the burden of proof was on the State. The court did not err in not charging anything about the possession of said one dollar bill. Any charge on the subject would clearly have been upon the weight of the evidence.

There being no error the judgment will be affirmed.

*Affirmed.*