[Crim. No. 799.   Third Appellate District.—September 17, 1924.]

## THE PEOPLE, Respondent, v. JOSEPH GALLI, Appellant.

[1] Criminal Law—Purchase of Morphine—Possession by Seller and Purchaser—Distinct Offenses.—The mere fact that a purchaser of morphine, after his purchase, has illegal possession thereof, though similar to the offense of possession by the seller from whom the drug was purchased, does not make it identical, the possession of each being separate and distinct from the possession of the other and the offenses being likewise separate and distinct.

[2] Id.—Possession and Sale of Morphine—Prosecution for—Accomplice—Instructions.—In a prosecution upon an information charging the defendant with the crime of unlawfully having in his possession, selling, furnishing, pedling, etc., a preparation of morphine, contrary to the provisions of the act of March 6, 1907, and the amendments thereto, where the testimony showed that a witness purchased the drug from the defendant, the de-

---

1.  See 8 Cal. Jur. 173; 1 R. C. L. 157.

2.  Conviction upon testimony of accomplices, notes, 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158. See, also, 8 Cal. Jur. 172; 1 R. C. L. 166.

fendant was not entitled to instructions on the subject of accomplices and the necessity for the testimony of an accomplice to be corroborated, and whether the trial court correctly or incorrectly stated the reasons of its refusal to instruct the jury along the proposed lines was wholly immaterial.

(1) 16 **C. J.**, p. 672, sec. 1347.   (2) 16 **C. J.**, p. 999, sec. 2413.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Martin I. Welsh for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was tried and convicted upon an information charging him with the crime of unlawfully having in his possession, selling, furnishing, pedling, etc., a preparation of morphine, contrary to the provisions of the act of March 6, 1907, and the amendments thereto. From the order of the court denying his motion for a new trial and the judgment entered upon the verdict of guilty, the defendant appeals to this court. Only one point is stressed by the appellant in support of his contention that the judgment and order herein referred to should be reversed. It is that the trial court erred in failing to instruct the jury on the law concerning the testimony of accomplices and the necessity for the testimony of an accomplice to be corroborated. The instructions which were proposed by the defendant covering these points are indorsed by the trial judge as "refused, substance given elsewhere." We have carefully read the instructions and fail to find any instructions covering the points mentioned. The instructions were all asked in relation to the testimony of the witness G. B. McDonald. This testimony, however, is set out in the transcript and, also, in appellant's brief and shows that the witness McDonald was simply a purchaser. His part in the transaction is testified to as follows: "Q. Now, on the date, his last date in February, 1924, did you purchase anything

from the defendant on that date? A. I did. Q. And what was it? A. Morphine. Q. Do you recall what time of day? A. Well, it was around about between 4 and 5 o'clock. . . . Q. And whom did you get that morphine from? A. The defendant. Q. And did he give it to you or did you purchase it from him? A. Purchased it. Q. What did you pay him for it? A. Between three and four dollars, I forget just which. Cross-examination by Martin I. Welsh: Q. You knew, of course, when you bought this morphine from the defendant that it was illegal to do that, didn't you? A. I did.''

[1] Upon this testimony it is contended that the witness McDonald was an accomplice within the terms of section 1111 of the Penal Code. In this contention, however, the appellant is laboring under a misapprehension, or a confusion of ideas. That section defines an accomplice '' . . . as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.'' After the purchase of the morphine, the witness was, of course, in possession of the drug illegally and could have been prosecuted for the illegal possession, but similarity of offenses is not the same as identity. The mere fact that the witness, after his purchase, had illegal possession of morphine, though similar to the offense of possession by the defendant from whom the drug was purchased, does not make it identical. In other words, it is not the self-same offense, although it is of the same kind. The possession of each is separate and distinct from the possession of the other and the offenses are likewise separate and distinct. We think the rule applied to the sale and purchase of intoxicating liquors is applicable here. The authorities are almost unanimous in holding that: ''A purchaser of intoxicating liquors is not guilty of inciting, aiding, or abetting, counselling, or procuring the sale thereof to himself.'' (33 C. J. 617; 46 L. R. A. (N. S.) 409, and notes; *Lott* v. *United States,* 205 Fed. 28 [123 C. C. A. 336] , *Wilson* v. *State,* 130 Ark. 204 [196 S. W. 921] , *State* v. *Teahan,* 50 Conn. 92, *Wakeman* v. *Chambers,* 69 Iowa, 169 [58 Am. Rep. 218, 28 N. W. 498], and *State* v. *Collins,* 53 Kan. 100 [24 L. R. A. 212, 36 Pac. 56].) A number of other authorities might be cited, but

these are sufficient to support the rule governing such cases. The reasoning in the case of *State* v. *Teahan, supra,* is that followed by most of the authorities cited. It is there said:

"It is insisted, however, that the statute which provides that 'every person who shall assist, abet, counsel, cause, hire or command another to commit any offense, may be prosecuted and punished as if he were the principal offender,' governs this case; it being contended that the person who purchases the liquor, induces the seller to commit the crime of selling it, and so aids and abets him in the commission of the offense.

"But we are satisfied that the purchaser is not an abettor of the offense within the meaning of the statute. The 'abetting' intended by it is a positive act in aid of the commission of the offense—a force, physical or moral, joined with that of the perpetrator in producing it. This is clear from the context, where abetting is classed with 'assisting,' 'causing,' 'hiring,' and 'commanding.' The abettor, within the meaning of the statute, must stand in the same relation to the crime as the criminal—approach it from the same direction, touch it at the same point. This is not the case with the purchaser of liquor. His approach to the crime is from the other side; he touches it at wholly another point. It is somewhat like the case of a man who provokes or challenges another to fight with him. If the other knocks him down, he has induced, but in no proper sense abetted, this act of violence. He has not contributed any force to its production. He touches the offense wholly on the other side. The purchaser of liquor, by his offer to buy, induces the seller of the liquor to make the sale; but he can not be said to 'assist' him in it. The whole force, moral or physical, that went to the production of the crime as such, was the seller's."

[2] Under the authorities just cited and the amendment to section 1111 of the Penal Code which we have set forth, the defendant was not entitled to the instructions on the subject of accomplices, for the simple reason that there was no testimony in the case justifying such instructions, hence whether the trial court correctly or incorrectly stated the reasons of its refusal to instruct the jury along the proposed lines is wholly immaterial. There being nothing in the case

justifying a reversal, the order and judgment appealed from are hereby affirmed.

Hart, J., and Finch, P. J., concurred.