## STATE, Respondent, v. FRANK PAYTON, Appellant.

[264 Pac. 875.]

CRIMINAL LAW — "ACCOMPLICE"—SELLING INTOXICATING LIQUOR TO MINOR A FELONY—SENTENCE.

1. An accomplice means an accomplice in the commission of the offense charged and for which the defendant is on trial.

2. Purchaser of intoxicating liquor, whether for himself or as agent for another, is not an accomplice of the seller.

3. On trial for selling intoxicating liquor to a minor, credibility and weight of latter's testimony as to sale was for jury.

4. C. S., sec. 2621a, as added by Laws 1925, chap. 171, increased the penalty for selling intoxicating liquor to a minor, already prohibited by section 2621, by making it a felony, punishable under sec. 8085, and hence removed such offense from operation of sec. 2624 as amended by Laws 1925, chap. 61, sec. 2.

---

Publisher's Note.

1.   Who are accomplices, see note in 138 Am. St. 273.   See, also, 1 R. C. L. 156.

2.   Purchaser of intoxicating liquor illegally sold as an accomplice, see note in 46 L. R. A., N. S., 410.

3.   See 28 R. C. L. 657.

Criminal Law, 16 C. J., sec. 1344, p. 671, n. 69; sec. 1397, p. 684, n. 87, 93; sec. 2291, p. 930, n. 93.

Intoxicating Liquors, 33 C. J., sec. 553, p. 796, n. 37.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Conviction on charge of selling intoxicating liquor to a minor. *Affirmed.*

Tyler & Christensen, for Appellant.

In the case of *Ex parte Miller*, 23 Ida. 403, 129 Pac. 1075, this court clearly held that C. S., sec. 8085, prescribed the punishment for felonies only in cases where the punishment is not prescribed by other sections of the statutes, and the punishment for the violation of sec. 2621A having been prescribed in the amended sec. 2624, that is the punishment which should have been applied and not the one prescribed in sec. 8085.

If there be any doubt as to which of the two sections providing the punishment should be resorted to in imposing sentence the court should have been governed by the rule stated aptly in 16 C. J. 1360, as follows: "If a statute creating or increasing a penalty is capable of two constructions it should be construed so as to operate in favor of life and liberty"; and "Where there are two statutes providing a punishment or penalty for the same act or offense, one providing a greater and the other a lesser, the statute prescribing the greater is abrogated by the one prescribing the lesser."

The modern rule on the subject is set out in the case of *People v. Salter*, 191 App. Div. 723, 182 N. Y. Supp. 252, which holds as follows: "A penal statute should be strictly construed, and when the provision as to punishment admits of two constructions, the law prefers the one that favors the convict."

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

The purchaser of intoxicating liquor is not an accomplice of the seller. (16 C. J. 683; *State v. Dawson,* 40 Ida. 495, 235 Pac. 326.)

One making a purchase of intoxicating liquor for another and acting as a *bona fide* agent for the real purchaser is not guilty of selling intoxicating liquor. (*Harris v. State,* 140 Ark. 46, 215 S. W. 620; *Lindsey v. State,* 143 Ark. 140, 219 S. W. 1025; *Whittington v. State,* 160 Ark. 257, 254 S. W. 532; *State v. Wallenberg,* 158 Minn. 251, 197 N. W. 276; *Howington v. State,* 99 Tex. Cr. 249, 268 S. W. 933.)

One guilty of selling intoxicating liquor cannot use as a defense the fact that the purchaser later may use the same for an illegal purpose. (*Darneal v. State,* 14 Okl. Cr. 395, 171 Pac. 737.)

GIVENS, J.—Appellant was charged with the unlawful sale of liquor to a minor, Newil Christiansen, under C. S., sec. 2621A, 1925 Sess. Laws, chap. 171, p. 308. Christiansen was the only witness to the sale and testified that he was buying the liquor for two other minors.

Appellant contends that though Christiansen was not an accomplice, he was engaged in the commission of the same offense with which defendant was charged, and hence his testimony was not worthy of credence, and, being contradicted, is insufficient to sustain the conviction.

[1–3] The evidence discloses that the defendant knew nothing of the liquor being for Cathey and Satterfield, the two boys for whom Christiansen claimed he was purchasing the liquor. So far as the information is concerned, Christiansen was not acting for anyone else, and even though purchasing for himself was not an accomplice of the seller. (*State v. Dawson,* 40 Ida. 495, 235 Pac. 326; *State v. Wright,* 152 Mo. App. 510, 133 S. W. 664; *Neal v. State,* 70 Tex. Cr. 584, 157 S. W. 1192; 16 C. J. 683.) An accomplice means an accomplice in the commission of the offense charged and for which the defendant is on trial. (*People v. Ruef,* 14 Cal. App. 576, 114 Pac. 54.) If he was, in fact, agent for someone else, there is no evidence to show that he was the agent for the defendant. The agent of the buyer has been held not to be an accomplice of the seller. (*State v. Edmund,* 81 Or. 614, 160 Pac. 534.) Therefore, whether

buying for himself or as agent, Christiansen was not an accomplice. His credibility and whether his testimony was entitled to much or little weight was for the jury.

[4] Appellant urges that the sentence should have been in accordance with C. S., sec. 2624, as amended by 1925 Sess. Laws, chap. 61, p. 89, rather than C. S., sec. 8085. Unless the legislature intended C. S., sec. 2621A, 1925 Sess. Laws, chap. 171, p. 308, to increase the penalty for the unlawful sale of liquor to a minor, such enactment was without purpose, as it added nothing to the law theretofore existing, since the sale to a minor as well as an adult was prohibited by C. S., sec. 2621. It is clear, therefore, that the legislature intended to increase the penalty for a sale to a minor by making such a sale a felony. Also C. S., sec. 2621A, by making a violation thereof a felony, provided a specific punishment different than provided in C. S., sec. 2624, and thereby, as to the punishment therefor, removed this offense from the operation of C. S., sec. 2624.

The judgment is affirmed.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.