[Crim. No. 4088.   Second Dist., Div. Two.   Mar. 4, 1947.]

THE PEOPLE, Respondent, v. MADELINE STANLEY, Appellant.

Andrew Renetzky for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), after trial before a jury, defendant appeals.

The testimony discloses that defendant operated a cafe in San Luis Obispo County known as "Ducky's" and that she had a permit to sell intoxicating beverages. On the evening of June 7, 1946, at about 8 o'clock, Joe Angelo, age 15, Leroy McLaury, age 15, Dorothy Russ, age 15, and Frieda

Voltz, age 17, entered defendant's bar and sat at a table. Joe Angelo and Leroy McLaury went to the bar where they purchased from defendant two beers, a Tom Collins and a coca-cola. The boys took the drinks back to the table where each boy drank a beer, Miss Voltz drank the Tom Collins and Miss Russ drank the coca-cola. After having consumed their first drinks defendant sold the boys two additional beers, two drinks of whiskey and a whiskey sour. The boys drank the beer and the whiskey and Miss Voltz drank the whiskey sour. Following their sojourn at "Ducky's" the minors repaired to the home of Rev. John L. Mildrum, at which time a Bible class was organized.

Defendant urges reversal of the judgment on four propositions which will be stated and answered hereunder consecutively:

■ First: *The trial court committed prejudicial error in permitting Reverend John L. Mildrum to testify as follows:*

*"Q. And at that time did you notice anything unusual about any of the children? A. Yes, I did.*

*"Q. What did you notice about them? A. Well, some of them were very hilarious.*

*"Q. Which ones? A. Well, that would include—*

*"Mr. Renetzky: I object to this as incompetent, irrelevant and immaterial.*

*"A. The ones that I——*

*"The Court: Well, I think it is corroborative. That is what you are offering it for?*

*"Mr. Harris: Both for corroboration and also to show the effect.*

*"The Court: Well, yes, I think that is proper. Overruled."*

This proposition is untenable. The law is established by a uniform line of decisions that if a general objection to the introduction of evidence is overruled such objection cannot avail the objector on appeal unless it appears that such evidence was inadmissible for any purpose whatsoever. (*People v. Conterno*, 51 Cal.App.2d 167, 169 [124 P.2d 610, 611]; *People v. Mason*, 37 Cal.App.2d 407, 409 et seq. [99 P.2d 567]; *People v. Cotton*, 117 Cal.App. 469, 471 et seq. [4 P.2d 247].) It is apparent that the evidence in the instant case was admissible for the purpose of showing the condition of the minors after they had left defendant's bar; hence the general objection to the admission of the evidence was insuf-

ficient upon which to predicate error in presenting the matter to this court.

Second: *The trial court committed prejudicial error in refusing to permit certain defense witnesses, concededly nonexperts, to testify concerning the physical condition of defendant during the period from May 23, 1946, through June 3, 1946.*

This proposition is untenable. The offense with which defendant was charged was alleged to have been committed on June 7, 1946, and the trial court permitted defendant's lay witnesses to testify as to her physical condition in the period from June 4, to June 10, 1946. Hence there was no error in refusing to permit testimony as to her physical condition at other times.

Third: *The trial judge committed prejudicial error in asking counsel during the examination of Frieda Voltz what difference it made whether or not she knew whether a whiskey sour contained alcoholic liquor.*

There is no merit in this contention since the trial judge's remark was directed to counsel, and in fact it was entirely immaterial whether the minor knew whether the beverage which was furnished her by defendant contained an alcoholic beverage or not. The offense consisted in furnishing the alcoholic beverage to the minor and not in the infant's knowledge of its alcoholic content.

Fourth: *The minors who testified were accomplices of defendant and since their testimony was not corroborated the evidence is insufficient to sustain the judgment.*

This proposition is totally devoid of merit. In a prosecution for contributing to the delinquency of a minor pursuant to section 702 of the Welfare and Institutions Code, corroboration of the minor's testimony is unnecessary since in such case the minor is regarded as a victim and not as an accomplice whose testimony it is necessary to corroborate under the provisions of section 1111 of the Penal Code. (*People* v. *Lucas,* 16 Cal.2d 178, 181 [105 P.2d 102, 130 A.L.R. 1485]; *People* v. *Dorlan,* 2 Cal.2d 235, 239 [40 P.2d 474]; *People* v. *Doetschman,* 69 Cal.App.2d 486, 489 et seq. [159 P.2d 418].)

In view of the fact that the record is free from error the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.