[Crim. No. 4582.  Second Dist., Div. Two.  Feb. 14, 1951.]

THE PEOPLE, Respondent, v. EDWARD JEFFERSON COX, Appellant.

286

Stratton & Taylor for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on two counts of violating section 288a of the Penal Code after trial before the court without a jury, defendant appeals.

*Facts:* In the middle of March, 1950, defendant committed an act prohibited by section 288a of the Penal Code with a boy 14 years of age. Again on May 17, 1950, defendant committed an act prohibited by section 288a of the Penal Code upon another boy who was also 14 years of age.

Each of the witnesses stated that when he went to defendant's apartment where the prohibited acts were committed, he knew the purpose for which he was going there. The only evidence offered in support of the charges against defendant was the foregoing testimony of the two boys who participated with defendant in the illegal acts.

■ *Questions:* First: *Were the complaining witnesses accomplices of defendant so that their testimony in order to sustain a conviction must be corroborated?"* (See Pen. Code, § 1111.\*)

This question must be answered in the affirmative. Since the prosecuting witnesses were of the age of 14 years they were capable of committing a crime, and since they knowingly, freely and voluntarily participated in acts prohibited by

---

\*Section 1111 of the Penal Code reads: ''A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.''

section 288a of the Penal Code, they were subject to prosecution for violating such section, the identical offense for which defendant was on trial. Therefore they were accomplices and their testimony, in order to sustain a conviction of defendant, must have been corroborated in accordance with section 1111 of the Penal Code. (*People* v. *McCollom,* 214 Cal. 601, 602 [7 P.2d 301]; *People* v. *McRae,* 31 Cal.2d 184, 185 et seq. [187 P.2d 741].)

Second: *Did the testimony of each boy as to defendant's conduct with him tend to corroborate the testimony of the other boy who was an accomplice as to the unlawful act committed with him?*

This question must be answered in the negative. ■ Evidence of similar acts tending to prove a lewd and lascivious disposition, and the tendency of defendant to commit such acts is admissible to prove the disposition and tendency upon the part of a defendant. ■ However such testimony is insufficient to constitute corroboration of an accomplice in accordance with the provisions of section 1111 of the Penal Code. Such evidence does not of itself tend to connect defendant with the offense charged or show the commission of the offense or the circumstances thereof. (*People* v. *Reynolds,* 26 Cal.App.2d 219, 221 et seq. [79 P.2d 150]; *People* v. *Singh,* 121 Cal.App. 107, 109 [8 P.2d 898].)

■ Third: *Did the failure of defendant to take the witness stand and testify in denial or explanation of the charges made against him constitute corroboration of the testimony of the two accomplices who testified against him?*

This question must also be answered in the negative. Article I, section 13 of the Constitution provides that the failure of defendant to explain or deny by his testimony any evidence or facts in the case against him may be commented upon by the court or counsel and may be considered by the court or jury. However the failure of defendant to take the witness stand and deny or explain incriminating evidence introduced does not of itself directly and immediately tend to connect him with the crime charged, and such failure to testify does not constitute corroborative evidence of the testimony of an accomplice as required by section 1111 of the Penal Code. (*People* v. *Sawaya,* 46 Cal.App.2d 466, 471 [115 P.2d 1001]; *cf. People* v. *Adamson,* 27 Cal.2d 478, 490 [165 P.2d 3].)

Each of the cases relied on by the People is factually distinguishable from the instant case which readily appears upon a reading thereof.

The judgment is reversed and a new trial is ordered.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied February 20, 1951, and respondent's petition for a hearing by the Supreme Court was denied March 15, 1951. Shenk, J., voted for a hearing.