267 P.2d 109

**STATE v. ROSE.**

No. 7957.

Supreme Court of Idaho.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Robert E. Smylie, Atty. Gen., Boise, Edward J. Aschenbrener and Leonard H. Bielenberg, Asst. Attys. Gen., Max Lloyd, Pros. Atty., William J. Langley, Deputy Pros. Atty., Twin Falls, for respondent.

W. L. Dunn, Twin Falls, Walter M. Oros, Boise, for appellant.

KEETON, Justice.

Appellant was accused by an information of a violation of Sec. 18–601, I.C. On a trial he was found guilty, judgment of conviction entered, and sentence imposed.

In assignments of error appellant claims that a demurrer to the information should have been sustained; that hearsay evidence

was, over objection, admitted; assigns as error the giving of certain instructions and the refusal of the court to give requested instructions hereinafter referred to; the refusal of the trial judge to advise the jury to acquit.

The information charged that on or about the 7th day of July, 1952, appellant wilfully, unlawfully, intentionally and feloniously, did use and administer certain medicines, drugs or substances, and used and employed certain instruments in, about, upon and within the body of Bonnie Jean Taylor, a pregnant woman, with the intent to procure the miscarriage of Bonnie Jean Taylor; the abortion complained of not being necessary to preserve the life of the woman on whom it was alleged to have been performed.

The information in substance follows the wording of the statute, Sec. 18–601, I.C. It contains a statement of acts constituting the offense complained of in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended. It also alleges the particular circumstances of the offense charged. The information fully complies with the requirements of Secs. 19–1409 and 19–1411, I.C. delineating the essential requirements of an information. The demurrer was properly overruled.

Appellant claims that the witness Bloxham was permitted, over objections, to testify to conversations had between the witness and Bonnie Jean Taylor not in the presence of appellant. The claimed admission of such hearsay evidence is not sustained by the record. Hence the assignment will not be discussed.

The prosecuting witness, a single woman, on whom the abortion was alleged to have been performed, will be hereinafter referred to as the victim. The victim, in April or May, 1952, became pregnant, evidently the result of a romance with LaVar Bloxham. Bloxham called on appellant on or about July 1st and they discussed the advisability of, and terms for, an abortion to be performed by appellant on the victim. Bloxham thereafter advised the victim to see appellant regarding the contemplated abortion. On July 2, 1952, the victim and Bloxham called on appellant at his office and arrangements were made to have the victim return on July 7th to have the abortion performed; and on that date, at appellant's office, she testified certain instruments and medicines were used by appellant which caused a miscarriage, which occurred on the morning of July 8th.

The victim testified in detail as to the acts performed by appellant which caused the abortion; that she paid appellant $150 furnished by Bloxham for performing it. On the night following the performing of the acts complained of by appellant, victim started menstruating. During the night she was seized with cramps and on the morning of July 8th was taken to the Magic Valley Memorial Hospital, where she was

attended by a Doctor Oldham, who testified as to her then condition; that she was pregnant; that she was bleeding from the vagina and was in a state of incomplete abortion.

A witness, Mrs. Fred Lundy, testified that she and the victim were in the office of appellant on July 7th, 1952; that the victim went with appellant into an inner office at the time the crime was alleged to have been committed and as testified to by the victim. A witness, Ada Huyser, testified that she was a nurse; that the victim came to the hospital between midnight and 7:00 a. m. on July 8th, where the witness was working, and the victim was admitted as a patient, and shortly after admission to the hospital the victim discharged a fetus. Bloxham testified to the part taken by him, implicated the appellant, and corroborated the victim in several material particulars. Other facts and circumstances testified to by other witnesses corroborated the testimony of the victim.

█ If the testimony of the witnesses called by the State is believed, it is clearly established that a crime was committed as charged.

Hence the court did not err in refusing to give an advisatory instruction to acquit.

The court refused to give appellant's requested instructions 2, 3, 4, and 5.

█ Requested instruction 2, in general terms, advised the jury that appellant could not be convicted on the testimony of an accomplice (Bloxham) unless such accomplice's testimony is corroborated by other creditable evidence. The requested instruction was fully covered by instruction 19, which instruction was taken in part verbatim from Sec. 19–2117, I.C. Hence the subject matter of the requested instruction was fully covered.

Requested instructions 3 and 4 had to do with reasonable doubt, and presumption of innocence, and were fully covered by instruction 7.

Requested instruction 5 covered the necessity for corroborating the testimony of the victim as provided for in Sec. 19–2115, I.C. The requested matter was fully covered by instruction 17 which quoted verbatim the applicable part of Sec. 19–2115, I.C.

It is not error to refuse to give requested instructions where the subject matter is fully and fairly covered by the instructions given. State v. Gailey, 69 Idaho 146, 204 P.2d 254; State v. Rutten, 73 Idaho 25, 245 P.2d 778; State v. Johnson, 74 Idaho 269, 261 P.2d 638.

Appellant assigns as error the giving of instruction 20, which is in part as follows:

"You will observe that under the provisions of Section 19–2115 heretofore read to you, the defendant cannot be convicted upon the testimony of Bonnie Jean Taylor alone because she is the woman with or upon whom it is alleged the offense was committed. It is required that her testimony be cor-

roborated by the testimony of *another witness* or by other evidence.

"You will also observe that under the provisions of Section 19-2117 which has also been read to you, the defendant cannot be convicted upon the testimony of LaVar Bloxham alone, even if you find that he testified in support of all the material allegations in the information and to all the essentials of the offense, because his testimony discloses that he is an accomplice to the alleged offense. It is required that his testimony be corroborated by the testimony of *another witness* or by other evidence.

"Thus you will note that you may not return a verdict of guilty and base it solely upon the testimony of either Bonnie Jean Taylor or LaVar Bloxham. Before a conviction upon the testimony of either of said parties alone would be warranted the testimony of such witness must be corroborated by the testimony of *some other witness* or by other evidence. The provisions of the statutes that the testimony of either of said witnesses alone is not sufficient to warrant conviction does not mean that the testimony of either should, for that reason, be disregarded; it means only, as I have endeavored to say, that conviction upon the testimony of one of them, without corroboration from some other witness or some other evidence would not be justified. *Either of said parties is a competent witness to furnish the required corroboration of the testimony of the other.* Whether it has been furnished, either by the other or by other witnesses or evidence, is a question for your determination." (Emphasis supplied.)

The part of the instruction attacked is that part which instructed the jury the testimony of Bonnie Jean Taylor must be corroborated by the testimony of *another witness* or by other evidence, before a guilty verdict could be returned; and that part which told the jury that appellant could not be convicted upon the testimony of LaVar Bloxham alone, that such testimony of Bloxham must be corroborated by the testimony of *another witness* or by other evidence, and further that part which advised the jury that the corroboration required of said witnesses could be furnished by the other.

Sec. 19-2115, I.C. provides:

"Upon a trial for procuring or attempting to procure an abortion, * * the defendant can not be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated *by other evidence.*" (Emphasis supplied.)

The term used in the instruction "another witness" while not technically correct, was sufficient to comply with the language of the statute and could result in no harm or misunderstanding by the jury, or others, and we are of the opinion that the instruction

in that regard sufficiently explained the limitations to which the testimony of the victim was, to be subjected; and that such testimony, before a conviction, could be had, must be corroborated by other evidence. The testimony of a corroborating witness is "other evidence" as that term is used in Secs. 19–2115 and 19–2117, I.C.

Sec. 19–2117, I.C. reads:

"A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

That part of the instruction complained of and above set out which advised the jury that the testimony of the victim could be corroborated by the testimony of the accomplice Bloxham, and that the testimony of each could be deemed, in effect, a corroboration of the other, sufficient to comply with the statute requiring that a victim's testimony and that of an accomplice must be corroborated, presents a new question for determination in this State.

Under the above quoted statutes, Secs. 19–2115 and 19–2117, I.C., it is apparent that appellant could not be convicted on the testimony of the woman upon whom or with whom the offense was committed unless she is corroborated by other evidence as required. Neither could appellant be convicted on the testimony of the accomplice Bloxham unless his testimony be corroborated as so required.

The evidence required to corroborate the testimony of an accomplice, before a conviction can be had, is not furnished by the testimony of another accomplice. If two or more accomplices testify the same corroboration is required as if there were only one. An accomplice can neither corroborate himself nor another accomplice sufficiently to comply with the requirements of the statute. 22 C.J.S., Criminal Law, § 812, Subd. 8, p. 1408; 16 C.J. 710, Sec. 1453; Cudjoe v. State, 12 Okl.Cr. 246, 154 P. 500, L.R.A.1916F, 1251; People v. Cox, 102 Cal.App.2d 285, 227 P.2d 290; Burns v. State, Okl.Cr.App., 117 P.2d 155.

Appellant argues that the victim and Bloxham were accomplices to the crime and therefore could not corroborate each other. While the statute, Sec. 19–2115, I.C., provides that the testimony of the victim must be corroborated as therein delineated before a conviction can be had, and Sec. 18–602, I.C. makes it a criminal offense for the victim to solicit or voluntarily submit to any operation to procure a miscarriage, it is plainly apparent that the victim is not, in a legal sense, an accomplice of appellant in the commission of the crime charged, and that she could not be prosecuted under the same statute, Sec. 18–601, I.C., as the perpetrator of the crime. While there are authorities to the contrary, this is the view

taken by a vast majority of courts passing on the question. See 1 C.J.S., Abortion, § 35, p. 338; State v. Proud, 74 Idaho 429, 262 P.2d 1016; People v. Pierson, 69 Cal. App.2d 285, 159 P.2d 39; People v. Raffington, 98 Cal.App.2d 455, 220 P.2d 967. For a collection of cases covering both views see 139 A.L.R. 994.

While the testimony of both the victim and the accomplice comes from a polluted source and should be received with caution and scrutinized with care, the weight to be given such testimony is a question for the jury.

The victim, not being an accomplice in the legal sense in which the term is used in the statute, her testimony could be corroborated as required by the statute by the testimony of the accomplice Bloxham. Likewise the accomplice's testimony could be corroborated by the victim's testimony.

That the corroboration of the victim's testimony, required by Sec. 19–2115, I.C., may be furnished by the testimony of an accomplice, has been sustained in the following cases: People v. Wilson, 25 Cal.2d 341, 153 P.2d 720; People v. Emery, 79 Cal.App.2d 226, 179 P.2d 843; People v. Malone, 82 Cal.App.2d 54, 185 P.2d 870, Syl. 16 and 21.

We find no reversible error. The judgment is affirmed.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.