499 P.2d 548

STATE of Idaho, Plaintiff-Respondent,

v.

Frank MURPHY, Defendant-Appellant.

No. 10827.

Supreme Court of Idaho.

July 18, 1972.

Greene & Hunt, Sandpoint, for defendant-appellant.

W. Anthony Park, Atty. Gen., John Hancock, Asst. Atty. Gen., Boise, Everett D. Hofmeister, Jr., Sandpoint, for plaintiff-respondent.

DONALDSON, Justice.

Upon appeal from a lower court determination of guilt, the defendant-appellant Frank Murphy was tried de novo in district court for the crime of selling beer to a minor. A jury of six persons returned a verdict of guilty, and the district court fined the appellant $300.00 and sentenced him to twenty days in the county jail. This appeal is taken from the judgment of conviction entered by the district court.

The criminal complaint filed against the appellant charges him with "selling beer to a minor person" and indicates a violation of I.C. § 23–1023, which in pertinent part reads as follows:

"*Beer—Procuring for or selling to person under twenty years of age a misdemeanor.*—Any person who shall pro-

cure beer for any person under twenty (20) years of age or any person under twenty (20) years of age who shall purchase, attempt to purchase or otherwise procure, consume or possess beer, shall be guilty of a misdemeanor."

The complaint alleges that the offense took place at a retail premises operated by the appellant. At the trial in district court, the state's only evidence consisted of the testimony of two minors; one of them stated that the appellant had sold beer to him, and the other testified that he was waiting outside when the purchase was made and saw his colleague leave the premises with a case of beer. These minors, who had jointly planned the illicit purchase, were promised that if they testified at trial, they would not be prosecuted for any liquor

violation they may have committed by purchasing, consuming, or possessing the proscribed beverage.

■ After the state rested its case, the defendant moved for dismissal or in the alternative for an advisory instruction to acquit, upon two grounds: First, the defendant contended that he was charged with violating I.C. § 23–1023, the statutory provision against procuring and purchasing, and not with violating I.C. § 23–1013,[1] which covers selling, serving, or dispensing beer to a minor; and, he contended, there was no evidence before the court to show that the defendant had procured or purchased beer in violation of I.C. § 23–1023. Second, the defendant submitted that the only evidence presented by the prosecution

1. I.C. § 23–1013 provides:

"*Restrictions concerning age.*—It shall be unlawful for any person to sell, serve or dispense beer to or by any person under twenty (20) years of age, proof of which, for every resident of this state, shall be a valid driver's license or an identification card issued by the department of law enforcement."

A violation of I.C. § 23–1013, like a violation of I.C. § 23–1023, is a misdemeanor. I.C. § 23–1020. A violation of either is punishable by the same penalty. I.C. § 18–113.

It appears to us that the defendant was prosecuted and convicted under the wrong section of the Idaho Code; although the complaint was sufficient to charge him with the crime of selling beer to a minor, it *improperly indicated that this was a* violation of I.C. § 23–1023 rather than a violation of I.C. § 23–1013. Although the heading enacted for I.C. § 23–1023, quoted above in the text, uses the words "procuring for or selling to," the body of the section refers only to persons who "procure beer for" and omits any reference to "selling." Where a heading is enacted as part of a code and where the meaning of the code is ambiguous, resort may be had to the heading as an aid in ascertaining legislative intent. But where the meaning of the code is clear and unambiguous without resort to the heading, courts will not consider it. Brotherhood of Railroad Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); Bryant v. Poole, 261 N.C. 553, 135 S.E.2d 629

(1964); 2 J. Sutherland, Statutory Construction § 4903, at 388–389 (F. Horack ed. 1943, and cases cited therein); *cf.* Curoe v. Spokane & Inland Empire R.R., 32 Idaho 643, 186 P. 1101, 37 A.L.R. 923 (1920); Annot., 37 A.L.R. 927 (1925). In this case, the body of I.C. § 23–1023 unambiguously refers only to *procuring for,* which cannot be interpreted to include *selling to.* As used in this statute, the phrase "*procure* beer for" is synonymous with "*obtain* beer for." Black's Law Dictionary 1373 (4th ed. 1951) ("PROCURE. * * * To obtain, as intoxicating liquor, for another."); Webster's Third New International Dictionary 1809 (1969). To be sure, it is necessary to *obtain* beer before one can *sell* it; but the defendant in this case was charged with *selling* beer to a minor, not with *obtaining* (or *procuring*) beer for a minor. A seller of beer may obtain beer for legitimate purposes (i. e., not *for a minor*) and later decide to sell it to a minor; in such a case he may properly be prosecuted for selling beer to a minor but not for procuring beer for a minor. Since the language used in the body of I.C. § 23–1023 is clear and unambiguous, resort may not be had to the caption to interpret the meaning thereof. The appellant has abandoned this point by not assigning it as error on appeal and by not discussing it at all in his brief. This Court cannot grant relief on the basis of an erroneous trial court ruling where such was not assigned as error on appeal. State v. Segovia, 93 Idaho 594, 468 P.2d 660 (1970).

consisted of the uncorroborated testimony of accomplices, upon which a conviction cannot be had under I.C. § 19–2117.[2] The trial court denied the defendant's motion for dismissal or for an advisory instruction to acquit. On appeal, the defendant abandons the first ground and contends only that the two state witnesses who testified against him at the trial were accomplices within the meaning of I.C. § 19–2117.[3]

█ The appellant's contention must be rejected. The same argument has, without success, been made previously in cases involving other crimes. For example, it has been held that a woman who submits to an abortion is not an accomplice of the perpetrator of the crime. State v. Rose, 75 Idaho 59, 267 P.2d 109 (1954); State v. Proud, 74 Idaho 429, 262 P.2d 1016 (1953). Similarly, this Court has ruled that "[t]he bribe giver is not an accomplice with the bribe taker; each is guilty of a distinct and separate offense." State v. Emory, 55 Idaho 649, 656, 46 P.2d 67, 70 (1935). Likewise, under a statute substantially identical to I.C. § 19–2117, the Supreme Court of Arizona has held that a briber is not an accomplice of a bribee, even though they are both punishable under the provisions of the same statutory section. State v. Martin, 74 Ariz. 145, 245 P.2d 411, 414–415 (1952). In the case at bar, two separate crimes were committed when the illicit transaction was consummated: the appellant committed the crime of selling beer to a minor; and the minor purchaser committed the separate crime of purchasing beer.

The appellant mistakenly relies upon the following statement from the dissenting opinion in Howard v. Felton, 85 Idaho 286, 379 P.2d 414 (1963): "Where the statute does not make buying illegal, the buyer is not a party to the offense of the seller."

Id. at 298, 379 P.2d at 421. The appellant's position is that the converse must also be true—that is, where buying is made illegal, the buyer is a party to the offense of the seller. Actually, however, the authorities cited in Howard to support the above-quoted statement stand for the quite different proposition that where buying is not made a crime, the buyer cannot be convicted as an aider and abettor of the seller's crime. These cases simply reflect the notion that conduct which the legislature has chosen not to make a crime should not be made criminal through judicial construction. Where, as in this case, buying is made illegal, then, of course, the buyer may be convicted for directly committing the act constituting the offense; and he is not, in such a case, any more "a party to the offense of the seller" than he is where buying is not made illegal. Hence, the appellant's contention cannot be sustained.

█ As we have recently pointed out, the testimony of an accomplice is generally "so corrupt as to render it unworthy of belief." State v. Emmons, 94 Idaho 605, 495 P.2d 11, 15 (1972). The dissent notes that the testimony of the witnesses who testified in this case was also untrustworthy. However, although the testimony of an accomplice is, according to the legislature, untrustworthy, this does not mean that any time a witness's testimony is untrustworthy, he must be deemed an "accomplice." Thus, it has been held that an accessory after the fact is not an accomplice within the meaning of the statute requiring corroboration of his testimony, even though "the evidence discloses that this witness was himself deep in the mire." State v. Gilbert, 65 Idaho 210, 215, 142 P.2d 584, 586 (1943); accord, State v. Rackley, 106 Ariz. 424, 477 P.2d 255 (1970).

---

2. I.C. § 19–2117:

"*Testimony of accomplice—Corroboration.*—A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

3. See note 2, *supra.*

We also note that one who is subject to prosecution as an accessory after the fact has the same sort of incentive to cooperate with the prosecutor as did the witnesses in the case at bar. In neither case, though, may the witnesses properly be classified as accomplices; and whether or not it was wise policy to do so, the restrictive provisions of I.C. § 19–2117 are made applicable only to "accomplices." The legislature did not, for example, choose to apply these provisions to "those involved in the same transaction," or "those who are at the time subject to prosecution for another offense," or "those whose testimony is for some reason untrustworthy."

Judgment affirmed.

McQUADE, C. J., and SHEPARD, J., concur.

McFADDEN, Justice (dissenting).

Although I concur in that portion of the majority opinion discussing the statute under which this prosecution should have been brought, I dissent with its ultimate conclusion.

The defendant in this action was tried and found guilty under the provisions of I.C. § 23–1023, which prohibits the procuring of beer for any person under twenty years of age and also prohibits the purchasing, attempting to purchase, procuring, consuming, or possessing of beer by a person under twenty years of age. In other words, both the defendant as well as the minor witnesses were subject to prosecution under this statute. However, only the defendant was charged.

Although the defendant claims the minors were accomplices to the sale of beer, the majority disagrees and states that there are two distinct crimes involved. As a result of the separate crime distinction employed by the majority, the defendant is unable to disqualify the uncorroborated testimony of the minors. In support of their conclusion the majority cite four cases which are clearly distinguishable from the facts and the law applicable to the

case at bar. A clear, recognizable principle emerges from the opinions of the Court in State v. Emory, 55 Idaho 649, 46 P.2d 67 (1935), State v. Proud, 74 Idaho 429, 262 P.2d 1016 (1953), State v. Rose, 75 Idaho 59, 267 P.2d 109 (1954), and State v. Gilbert, 65 Idaho 210, 142 P.2d 584 (1943), that if a statutory offense involves a transaction between two persons or groups of persons and provides separate and distinct penalties for those engaging on each side of the transaction, those on the other side cannot be considered as accomplices since their omission from the statute evinces a legislative purpose for them to be left out. Consequently, these cases simply state that when parties privy to an offense are culpable under a separate statute and offer testimony adverse to the principal, corroboration is not required. Conversely, when the parties are culpable under the same statute, such parties are accomplices and corroboration is a necessity.

"The victim of the abortion could be prosecuted under section 18–602, I.C., while *both* the accused and the accomplice, but not the victim, could be prosecuted under section 18–601, I.C.; hence the victim *is not an accomplice*." State v. Proud, *supra*, 74 Idaho at 434–435, 262 P.2d at 1019; see, State v. Emory, supra 55 Idaho at 656, 46 P.2d at 70. (Emphasis supplied.)

Had the defendant been properly charged under I.C. § 23–1013, the minors would not have been accomplices since they were chargeable for violating I.C. § 23–1023. Since this Court has recognized the legislature's intent of designating parties subject to the same penal statute as accomplices, I would not depart from that well established principle in this case where I.C. § 23–1023 expressly declares that minors who purchase beer and the procurer of such beer are guilty of the same offense.

In my opinion the minor witnesses are accomplices within the purview of I.C. § 23–1023, under which the defendant stands convicted. The testimony of the minor

witnesses was uncorroborated as required by I.C. § 19–2117. Thus, in my opinion, the district court's ruling on defendant's motion for dismissal or motion for an advisory instruction to acquit on the accomplice issue constitutes reversible error. The judgment of conviction should be reversed.

BAKES, Justice (dissenting):

My primary reason for dissenting is that I disagree with the majority's conclusion that witnesses Tope and Taylor [the minors to whom appellant was accused of selling the beer] were not accomplices of appellant in connection with the crime involved. It has long been the statutory rule in Idaho that the uncorroborated testimony of an accomplice will not support a conviction. I.C. § 19–2117 provides:

"A conviction can not (sic) be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not

sufficient, if it merely shows the commission of the offense, or the circumstances thereof."[1]

The dispositive issue in this case is whether or not the witnesses Tope and Taylor were accomplices of appellant in the crime charged against appellant since the record is wholly devoid of any evidence to corroborate the testimony of Tope and Taylor. At the outset it is helpful to define the crime with which appellant has been charged and convicted. Appellant was charged, under I.C. § 23–1023, of "selling" beer to a minor person. We must specifically determine then whether witnesses Tope and Taylor were sufficiently intertwined in the "selling" of the beer for them to be characterized as accomplices.

It has been stated that the term "accomplice" generally refers to one whose testimony requires corroboration before it will support a conviction. Burdick, The Law of Crimes 305, § 226. See People v. Rissman, 154 Cal.App.2d 265, 316 P.2d 60 (1957). As to the definition of "accomplice" the Idaho legislature, unlike some other jurisdictions,[2]

---

1. It is undisputed that the testimony of one accomplice cannot supply the corroboration of another accomplice's testimony so as to circumvent the application of I.C. 19–2117. E. g. State v. Rose, 75 Idaho 59, 267 P.2d 109 (1954). Thus, in the case at bar, the testimony of neither Taylor nor Tope can supply the requisite corroboration of the other's testimony if both are—as I have concluded—accomplices in the commission of the offense charged against appellant.

2. See Cal.Pen.Code, § 1111 (1970). California, in addition to requiring corroboration of accomplices' testimony in similar terms to those utilized in I.C. 19–2117, [Cal.Pen.Code, § 1111], defines accomplices as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." Since this statutory definition of accomplice deviates greatly from and is much narrower than the definition of accomplice developed by the Idaho judiciary, much of the voluminous California authority is unpersuasive on the question of accomplices in similar situations to that in the case at bar. E. g. People v. Rissman, 154 Cal.App.2d 265, 316 P.2d

60 (1957); People v. Frayer, 140 Cal. App.2d 597, 295 P.2d 456 (1956). In construing an already narrow statute defining accomplice, the California courts have manifested their apparent disdain for the accomplice corroboration rule by giving as restricted a definition to the term "accomplice" as the legislature's words in Cal.Pen.Code § 1111 will literally and logically allow. Illustrative is the case of People v. DePaula, 43 Cal. 2d 643, 276 P.2d 600 (1954). In De-Paula, the court in finding that a minor purchaser of narcotics was not an accomplice of the seller noted: "Since the minor involved is the victim and the offense denounced . . . is the harmful act to that victim with the resulting harm to society in general, it necessarily follows that in a prosecution under that section the minor involved cannot be held a principal in the sense of being subject to prosecution for the same identical offense, within the meaning of section 1111 of the Penal Code." DePaula, at 603. Even more enlightening is the older but still current case of People v. Galli, 68 Cal.App. 682, 230 P. 20 (1924). In that case the court conceded that both the purchaser of narcotics and the seller could be

has not seen fit to provide statutory guidance as to the meaning of the term. Due to the absence of legislative pronouncement, this court has had numerous occasions to define "accomplice." Recently, in State v. Emmons, 94 Idaho 605, 495 P.2d 11 (1972), at p. 14, this court capsulized the definitions of accomplice articulated in previous Idaho decisions:

" ' "An 'accomplice' is a person concerned in the commission of a crime, whether he directly participates in the commission of the act constituting the offense or aids and abets in its commission. . . " ' (citations omitted).

" ' "Mere presence at, acquiescence in, or silent consent to the commission of an offense is not, in the absence of a duty to act, legally sufficient, however reprehensible it may be, to constitute one a principal, an accessory, or aider and abettor, or an accomplice. An accomplice is one who is joined or united with another; one of several concerned in a felony [or other crime]; an associate in a crime; one who co-operates, aids, or

assists in committing it." ' (citations omitted)."

*See* State v. Altwatter, 29 Idaho 107, 157 P. 256 (1916); State v. Grimmett, 33 Idaho 203, 193 P. 380 (1920); State v. Gilbert, 65 Idaho 210, 142 P.2d 584 (1943); State v. Wilson, 93 Idaho 194, 457 P.2d 433 (1969).

In the *Emmons* case, the accomplice question was whether one Randy could be charged as an accomplice of the accused therein for the commission of the larceny of a typewriter from a parked automobile. Although Randy did not take the typewriter or assist the accused in taking it, he did help loot the car from which it was taken and did help in hiding the stolen goods. In *Emmons* we found Randy to be an accomplice, relying not only on the above stated definitions of accomplice but also on the fact that "[t]his was one continuous chain of events or transactions." Emmons, *supra*, 495 P.2d at 14.

If one were to read literally and logically the definition of "accomplice" evolved by this court, it would be obvious that, in this case, both Tope and Taylor, the minors.

prosecuted under the same statutory section for possession of narcotics. The court nonetheless found that the purchaser was not an accomplice of the seller because to be an accomplice " 'within the meaning of the statute [Section 1111], [one] must stand in the same relation to the crime as the [person charged therewith and] approach it from the same direction. . . .' " Galli, *supra*, at 21. *See* People v. Poindexter, 51 Cal.2d 142, 330 P.2d 763, 768 (1958). *See generally* People v. Chrisman, 256 Cal.App.2d 425, 64 Cal.Rptr. 733 (1967) (wherein the court reiterates and affirms the holdings in Poindexter and DePaula, *supra*).

Of particular interest for purposes of this dissent is an early case from the California Supreme Court, People v. Coffey, 161 Cal. 433, 119 P. 901 (1911). The pertinent question in that case was whether the bribe giver should be deemed an accomplice of the receiver or taker of the bribe so as to require the bribe giver's testimony to be corroborated in order to support the conviction of the bribe taker for " 'agreeing' to receive and 'receiving' a bribe." The corroboration statute, Penal Code 1111, did not at the

time of that case include a definition of accomplice as it currently does, but it did of course require that an accomplice's testimony be corroborated. In *Coffey*, the court concluded that the bribe giver was indeed an accomplice. According to the opinion, "One is an accomplice in a crime because of the part he has taken in it, not because he may be indicted as a principal." Coffey, *supra*, at 904. The court felt that the fact that the witness is guilty of a separate statutory offense from that which the accused is charged with violating should not determine whether the witness is an accomplice of the accused. Although the court apparently became confused in the presentation of some of its attempted syllogistic examples in the opinion, (See Coffey, *supra*, at 904), the above stated propositions provided the landmark for California law on accomplices until 1915 when the legislature amended Penal Code § 1111 to include its current definition of accomplices. *See* People v. Hernandez, 263 Cal.App.2d 242, 69 Cal.Rptr. 448 (1968); People v. Wolden, 255 Cal.App.2d 738, 63 Cal.Rptr. 467 (1968); People v. Clapp, 24 Cal.2d 835, 151 P.2d 237 (Cal.1944).

who bought the beer, would properly be characterized as "accomplices" of appellant. The acts of Tope and Taylor were undeniably an inextricable and integral part of the same transaction which gave rise to appellant's culpability for selling the beer to them. Both witnesses testified that they had planned for several days to drive to Hope, Idaho, to purchase the beer at appellant's tavern. Witness Tope testified that he entered appellant's tavern, purchased a case of beer, and left the tavern. He stated that Taylor and another companion had waited for him in a car parked outside of the tavern. Witness Taylor testified that while he did not enter the tavern on this particular occasion, he did go with Tope to the tavern, pursuant to their plan, saw Tope enter the tavern and exit shortly thereafter with the beer which they later drank. It is clear that the buyers aided and assisted appellant in consummating the alleged illegal selling or procurement of beer. They were the instigators of the crime. In my view, it would be difficult to relate a set of facts where two witnesses could be more involved with an accused perpetrator of the commission of an illegal act than were the witnesses Taylor and Tope.

However, the majority has concluded that the witnesses Tope and Taylor were not accomplices of the appellant, relying primarily on three Idaho cases: State v. Emory, 55 Idaho 649, 46 P.2d 67 (1935); State v. Rose, 75 Idaho 59, 267 P.2d 109 (1954); State v. Proud, 74 Idaho 429, 262 P.2d 1016 (1953). I feel that all three cases are distinguishable. State v. Emory was a bribe case wherein the court concluded that a bribe giver (who occupies the same relative position as the buyers in the case at bar) was not an accomplice of the bribe taker (whose position is relatively similar to that of the appellant seller in the case at bar). Both State v. Rose and State

v. Proud are abortion cases. The court in both cases found that the victim (recipient) of the abortion or attempted abortion was not an accomplice of the accused who performed or attempted the abortions. Each of the three cases followed the same rationale which can be characterized as the "separate and distinct offense" theory. As utilized by the court in each of the three cases, the theory is that because the bribe giver and the abortion victims were guilty of respectively different offenses than the bribe taker and the accused performing the abortion, the bribe giver and the abortion victims could not be deemed accomplices of the accused. As explained in State v. Proud, *supra*, 74 Idaho at 434–435, 262 P.2d at 1019:

"The victim of the abortion could be prosecuted under section 18–602, I.C., while . . . the accused . . . but not the victim, could be prosecuted under section 18–601, I.C.; hence the victim is not an accomplice." (citations omitted).

However, the "separate and distinct offense" concept cannot be properly applied in this case. In the absence of the prosecutorial immunity which was granted to the witnesses by the state, both witnesses should and would have been prosecuted as minors who "purchase[d], attempt[ed] to purchase, or otherwise procure[d]" beer in violation of Section 23–1023, the same section under which appellant was charged and convicted. The witnesses and appellants were chargeable with the same criminal offense under the same statute, and not separate and distinct violations. Thus, the "separate and distinct offense" theory is inapplicable.[3]

Neither do I find controlling the early Idaho cases which held a minor buyer of intoxicating liquors not to be an accomplice of the seller. State v. Payton, 45 Idaho 668, 264 P. 875 (1928); *See* State v. Parris, 55 Idaho 506, 44 P.2d 1118 (1935);

3. It should be noted that there is a line of cases from other jurisdictions which hold that one can still be guilty of a "separate and distinct offense" and hence not an accomplice, even though he is chargeable under the same statute as the accused. *See, e. g.*, People v. Galli, 68 Cal.App. 682, 230 P. 20 (1924); *See also* State v. Christensen, 3 Or.App. 442, 474 P.2d 782 (1970).

State v. Cacavas, 55 Idaho 538, 44 P.2d 1110 (1935). Although I must concede that these holdings are consistent with many of the earlier cases in this country (*See generally* 2 Wharton, Wharton's Criminal Evidence, §§ 443–448, 456, pp. 221–232, 240–242 (12th ed. 1955)), the cases are, to my mind, satisfactorily distinguishable from the case at hand. At the time of each of these previous Idaho cases, the legislature had pronounced that selling liquor to a minor was an offense, but had not yet expressly provided that the minor purchaser of the liquor was subject to any criminal liability. It would appear, therefore, that the cases are distinguishable merely because of the relative differences in the state of the law at the time the cases were prosecuted and the present time. That this distinction is in fact valid becomes more evident when the probable reasoning of the early cases is exposed. Although the Idaho opinions included no supportive language for the bare conclusion that the buyer was not an accomplice, analogous cases from other jurisdictions and dicta from a later Idaho case suggest a reason for the holdings. The suggested rationale is that since the state legislature had not specifically provided that the buyer of the illegally sold liquor should be subject to criminal prosecution or punishment, the courts should not judicially "legislate" such an offense into the law by calling the buyer an accomplice. Simply stated, the rationale is that unless the legislature provides in express terms that buying is illegal, the buyer cannot be deemed a party to the seller's offense. Howard v. Felton, 85 Idaho 286, 298, 379 P.2d 414 (1963) (Taylor, J. dissenting) (see also the cases cited therein at p. 298); Baumgartner v. State, 20 Ariz. 157, 178 P. 30 (1919). Although I do not agree with this reasoning,[4] it is evident that the rationale is not applicable in the present case. The legislature has, via the adoption of I.C. 23–1023, made criminal a minor's acts of purchasing or procuring beer.[5]

That the witnesses must be considered accomplices becomes even more apparent when the underlying purpose of the corroboration rule and the need for its appli-

4. In my view, it is just as logical to assume that the legislature intended to punish purchasers of beer as "aiders and abettors" of a seller in the commission of the offense of selling beer to minors. *See* I.C. 18–204, which defines principals in Idaho criminal law as follows:

"Principals defined.—All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense *or aid and abet in its commission, or, not being present, have advised and encouraged its commission,* and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics, or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command or coercion, compel another to commit any crime, are principals in any crime so committed." (Emphasis added.)

Literally construing that section, it is apparent that a minor who purchases beer aids and abets the commission of the crime of selling beer to a minor.

5. The cases suggest another rationale, applicable even when the minor buyer is himself guilty of a criminal violation. In the instance where the principal offense charged is contributing to the delinquency of a minor, or some similar offense involving minors, courts have been wont to regard the minor as the victim of the crime and for that reason cannot be viewed as an accomplice in its commission. *E. g.* People v. DePaula, 43 Cal.2d 643, 276 P.2d 600 (1954); People v. Stanley, 78 Cal.App.2d 358, 177 P.2d 968 (1947).

Applying this rationale to the case at bar, it is of course arguable that the minor should be deemed a victim of the seller-procurer. In view of the fact that the legislature had made the buyer's participation a criminal offense, however, I cannot believe that such buyer can properly be deemed a victim. By their own admission, the witnesses plotted extensively as to how to purchase the beer, and in fact actively solicited the appellant to sell it to them. Obviously the witnesses both were perfectly aware of the illegality of their contemplated acts, but nonetheless claimed to have voluntarily endeavored to secure the beer.

cation in the case at bar are considered. As we said earlier this year in State v. Emmons, *supra*, 495 P.2d at p. 15 (quoting State v. Carr, 28 Or. 389, 42 P. 215 (1895)) :

> " 'This statute [essentially the same as I.C. § 19–2117] absolutely prohibits a conviction in a criminal case upon the uncorroborated testimony of an accomplice, even although [sic] the jury may believe such testimony to be entirely true, and that it establishes the defendant's guilt beyond a reasonable doubt. *It proceeds upon the theory that experience in the administration of the criminal law has shown the sources of such testimony to be generally so corrupt as to render it unworthy of belief, and that it is therefore better as a matter of public policy to forbid a conviction on the un-corroborated testimony of an accomplice, although the guilty may thereby sometimes escape punishment, than to leave it possible for the conviction of an innocent person on such testimony.' "* (Emphasis added).

A similar but more specific statement of purpose was articulated by the California Supreme Court in the case of People v. Wallin, 32 Cal.2d 803, 197 P.2d 734 (1948) at 737:

> "The statutory requirement of corroboration is based primarily upon the fact that experience has shown that the evidence of an accomplice should be viewed with care, caution and suspicion because it comes from a tainted source and is often given in the hope or expectation of leniency or immunity."

*See also* Wharton, 2 Wharton's Criminal Evidence, § 447, p. 228 (12th ed. 1955) (which refers to the "suspicious character" of the testimony of an accomplice).

In the present case the testimony of Taylor and Tope comes from the same "tainted source" as that of any accomplice. Both witnesses had knowingly instigated the same illegal transaction as appellant is charged with perpetrating. Both had been promised immunity from any prosecution for violation of the state liquor laws in exchange for their testimony against appellant. However, there is a more compelling reason why this testimony must be looked at with suspicion. During the course of these proceedings, the happenstance of this criminal prosecution was exposed. Prior to the commencement of this proceeding against appellant, witnesses Tope and Taylor had been apprehended in connection with the burglary and burning of a school building, an incident which occurred over a week before their apprehension. Both were charged with burglary of the school, and their prosecution for that offense was pending at the time of appellant's trial. During their interrogation of the burglary charge, one of the witnesses stated that on the day of the burglary they had been drinking beer. Due to their supposed intoxication the boys claimed that they did not know what they were doing when they broke into the school and inadvertently started the fire. Apparently, on the basis of the boys' contention that appellant had sold them the beer that intoxicated them, the state commenced this prosecution of appellant, relying solely on the testimony of Tope and Taylor as witnesses. There was not even any corroboration of the fact that there was beer involved, or that Tope and Taylor were in fact intoxicated, much less tending to connect the appellant with any sale of beer. The motive for a possible fabrication of a story about intoxication in order to try and minimize their own culpability for the serious act of burglarizing and burning the school is too great to allow the appellant to be convicted upon their uncorroborated testimony alone. As indicated in the cases previously cited, experience has shown that the testimony of an accomplice should be viewed with "care, caution and suspicion," and when an accomplice has an additional motive for trying to absolve himself of some of the responsibility for another serious crime, then that testimony should be all the more suspect. The effect of the majority opinion is to judicially repeal I.C. § 19–2117 as it applies to liquor, sex and bribery offenses. However, these are the areas where the rule of

858

that section is probably most needed. We should not be swayed by the alleged practicalities involved unless we are prepared to accept the conviction of innocent people as a result.

I would reverse.